## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> CHEMO RESEARCH S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br> Defendants/Counterclaim Plaintiffs. | C.A. No. 19-444-CFC |

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendants Chemo Research S.L. ("Chemo Research"), Insud Pharma S.L.U.[1] ("Insud Pharma"), IntelGenx Corporation ("IntelGenx Corp."), and IntelGenx Technologies Corporation ("IntelGenx Techs.") (collectively, "Defendants") hereby answer the Complaint (D.I. 1) ("Complaint") brought by Plaintiffs BioDelivery Sciences International, Inc. ("BDSI") and Arius Two, Inc. (collectively, "Plaintiffs"). Additionally, Defendants hereby assert counterclaims for declaratory judgment of noninfringement and invalidity of U.S. Patents Nos. 8,147,866 ("the '866 patent"), 9,655,843 ("the '843 patent"), and 9,901,539 ("the '539 patent") (collectively, "the Patents-in-Suit").

---

[1] Plaintiffs' Complaint refers to "Insud Pharma S.L." as a defendant, but the correct name of the referenced entity is "Insud Pharma S.L.U." Accordingly, Defendants refer to this entity as "Insud Pharma S.L.U." herein and intend to request a change to the case caption.

1

## GENERAL DENIAL

Defendants deny all allegations in Plaintiffs' Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to Defendants' own acts, and upon information and belief as to other matters, Defendants respond and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs BioDelivery Sciences International, Incorporated and Arius Two, Incorporated (collectively, "Plaintiffs"), files this Complaint for patent infringement against Defendants Chemo Research, S.L., Insud Pharma S.L., IntelGenx Corp., and IntelGenx Technologies Corp. (collectively, "Defendants"), under 35 U.S.C. §§ 271(e)(2), (a), (b) and (c). This patent action concerns the pharmaceutical drug product Belbuca® (buprenorphine buccal film), CIII.

ANSWER:      Defendants admit that this purports to be an action for patent infringement under the patent laws of the United States, Title 35. Defendants admit that this action purports to arise from Chemo Research's submission of ANDA No. 212036 seeking approval to market a generic buprenorphine buccal film before the purported expiry of the Patents-in-Suit. Defendants deny the remaining allegations of paragraph 1 of the Complaint.

## JURISDICTION AND PARTIES

2.      Plaintiff BioDelivery Sciences International, Inc. ("BDSI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. Plaintiff BDSI is a specialty pharmaceutical company engaged in the research, development, sale, and marketing of prescription pharmaceuticals with a focus in the areas of pain management and addiction medicine. Plaintiff BDSI is also the holder of New Drug Application ("NDA") No. 207932 for Belbuca®, and is the distributer of Belbuca® in the United States.

ANSWER:      Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis deny them.

2

3.     Plaintiff Arius Two, Incorporated ("Arius") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. Plaintiff Arius is a wholly owned subsidiary of Plaintiff BDSI.

ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to

the truth of Plaintiffs' allegations and on that basis deny them.

4.     On information and belief, Defendant Chemo Research, S.L. ("Chemo Research") is a corporation organized and existing under the laws of Spain, having a principal place of business at Manuel Pombo Angulo, 28 4a Planta (Fourth Floor), Madrid 28050 Spain. On information and belief, Defendant Chemo Research is a wholly owned subsidiary of Defendant Insud Pharma S.L.

ANSWER:     Defendants admit that Chemo Research is a wholly owned subsidiary of

Defendant Insud Pharma. Defendants further admit that Chemo Research is a corporation

organized and existing under the laws of Spain, with a principal place of business at Manual

Pombo Angulo, 28, Third Floor, 28050 Madrid, Spain.   Defendants deny the remaining

allegations of paragraph 4 of the Complaint.

5.     On information and belief, Defendant Chemo Research is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:     Defendants admit that Chemo Research is in the business of

manufacturing and selling pharmaceutical products throughout the United States, including in

this Judicial District. Defendants deny the remaining allegations of paragraph 5 of the

Complaint.

6.     This Court has personal jurisdiction over Defendant Chemo Research by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; and (3) its capacity as a party in pending litigations within this District (*see, e.g., Keryx Biopharm., Inc. et al. v. Chemo Research, S.L. and Insud Pharma S.L.*, C.A. No. 19-220-LPS (D. Del. 2019)).

ANSWER:   The allegations in paragraph 6 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

7.      This Court further has personal jurisdiction over Defendant Chemo Research because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant Chemo Research satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER:   The allegations in paragraph 7 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

8.      In addition, in the Notice Letter, dated January 31, 2019, Defendant Chemo Research did not identify a U.S. agent as required under 21 C.F.R. § 314.95(c)(9).

ANSWER:   Defendants admit that Chemo Research sent a Notice Letter to Plaintiffs on or around January 31, 2019. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9.      In the alternative, this Court has personal jurisdiction over Defendant Chemo Research because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant Chemo Research is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant Chemo Research has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting Abbreviated New Drug Applications ("ANDAs") to the U.S. Food and Drug Administration ("FDA") and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant Chemo Research satisfies due process.

ANSWER:   The allegations in paragraph 9 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

10.     On information and belief, Defendant Insud Pharma S.L. ("Insud") is a corporation organized and existing under the laws of Spain with a principal place of business at Manuel Pombo Angulo, 28 3rd Floor, Madrid 28050 Spain.

ANSWER:     Admitted.

11.     On information and belief, Defendant Insud regularly does or solicits business in the District of Delaware, engages in other persistent courses of conduct in the District of Delaware, and/or derives substantial revenue from services or things used or consumed in the District of Delaware, demonstrating that Defendant Insud has continuous and systematic contacts with the District of Delaware.

ANSWER:     The allegations in paragraph 11 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Insud Pharma does not contest personal jurisdiction for the limited purpose of this matter only.

12.     This Court has personal jurisdiction over Defendant Insud by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; and (3) its capacity as a party in pending litigations within this District (see, e.g., Keryx Biopharm., Inc. et al. v. Chemo Research, S.L. and Insud Pharma S.L., C.A. No. 19-220-LPS (D. Del. 2019)).

ANSWER:     The allegations in paragraph 12 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Insud Pharma does not contest personal jurisdiction for the limited purpose of this matter only.

13.     This Court further has personal jurisdiction over Defendant Insud because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant Insud satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from

services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER:     The allegations in paragraph 13 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, Insud Pharma does

not contest personal jurisdiction for the limited purpose of this matter only.


14.     In the alternative, this Court has personal jurisdiction over Defendant Insud because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant Insud is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant Insud has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant Insud satisfies due process.

ANSWER:     The allegations in paragraph 14 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, Insud Pharma does

not contest personal jurisdiction for the limited purpose of this matter only.


15.     On information and belief, the acts of Defendant Chemo Research complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of Defendant Insud.

ANSWER:     Defendants admit that Chemo Research prepared and submitted ANDA

No. 212036. Defendants further admit that Chemo Research is in the business of manufacturing

and selling pharmaceutical products throughout the United States, including in this Judicial

District. Defendants deny the remaining allegations of paragraph 15 of the Complaint.


16.     On information and belief, Defendant IntelGenx Corp. ("IntelGenx Corp.") is a corporation organized and existing under the laws of Canada, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada. On information and belief, Defendant IntelGenx Corp. is a wholly owned subsidiary of Defendant IntelGenx Technologies Corp.

ANSWER:     Admitted.

17.     On information and belief, Defendant IntelGenx Corp. is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:     Defendants admit that IntelGenx Corp. is in the business of formulating oral controlled-release products and rapidly disintegrating delivery systems. Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     On information and belief, Defendant IntelGenx Corp. is amenable to litigating in this forum based on its conduct in other litigations in this District. *See*, e.g., *Biovail Labs. Int'l SRL v. IntelGenx Corp.*, C.A. No. 09-605-LPS (D. Del. 2010).

ANSWER:     The allegations in paragraph 18 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Corp. does not contest personal jurisdiction for the limited purpose of this matter only.

19.     This Court has personal jurisdiction over Defendant IntelGenx Corp. by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; and (3) its admission that it is subject to the Court's jurisdiction in other patent litigations.

ANSWER:     The allegations in paragraph 19 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Corp. does not contest personal jurisdiction for the limited purpose of this matter only.

20.     This Court further has personal jurisdiction over Defendant IntelGenx Corp. because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant IntelGenx Corp. satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER:     The allegations in paragraph 20 of the Complaint contain conclusions of

7

law to which no answer is required. To the extent that a response is required, IntelGenx Corp.

does not contest personal jurisdiction for the limited purpose of this matter only.

21.    In the alternative, this Court has personal jurisdiction over Defendant IntelGenx Corp. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant IntelGenx Corp. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant IntelGenx Corp. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant IntelGenx Corp. satisfies due process.

ANSWER:    The allegations in paragraph 21 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, IntelGenx Corp.

does not contest personal jurisdiction for the limited purpose of this matter only.

22.    On information and belief, Defendant IntelGenx Technologies Corp. ("IntelGenx Tech.") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada. On information and belief, Defendant IntelGenx Tech. maintains a registered agent in Delaware, the Corporation Service Company.

ANSWER:    Admitted.

23.    On information and belief, Defendant IntelGenx Tech. is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:    Defendants admit that IntelGenx Techs. is a holding company that owns

one or more wholly-owned subsidiaries that are focused on the development of oral controlled-

release products as well as rapidly disintegrating delivery systems. Defendants deny the

remaining allegations of paragraph 23 of the Complaint.

24.    On information and belief, Defendant IntelGenx Tech. derives substantial revenue from the sale of its products in Delaware and throughout the United States.

8

ANSWER:   Defendants admit that IntelGenx Techs. is a holding company that owns one or more wholly-owned subsidiaries that are focused on the development of oral controlled-release products as well as rapidly disintegrating delivery systems. Defendants deny the remaining allegations of paragraph 24 of the Complaint.

25.     On information and belief, Defendant IntelGenx Tech. is amenable to litigating in this forum based on its conduct in numerous other litigations in this District. In particular, Defendant IntelGenx Tech. has previously availed itself of the rights and privileges of this forum for the purpose of litigating patent disputes. Additionally, Defendant IntelGenx Tech. has submitted to this Court's jurisdiction by consenting to personal jurisdiction and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g., Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc., IntelGenx Techs. Corp., and LTS Lohmann Therapy Sys. Corp.*, C.A. No. 13-1461-RGA (D. Del. 2013); *Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc. and IntelGenx Techs. Corp.*, C.A. No. 14-422-RGA (D. Del. 2014); *Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc. and IntelGenx Techs. Corp.*, C.A. No. 14-1573-RGA (D. Del. 2014).

ANSWER:   Defendants admit that the pleadings in the litigations identified in paragraph 25 speak for themselves. Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26.     This Court has personal jurisdiction over Defendant IntelGenx Tech. by virtue of, among other things: (1) its incorporation in Delaware; (2) its registration to do business in Delaware, including appointment of a registered agent; (3) its sale and distribution of generic drugs in Delaware; (4) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; (5) its purposeful availment of this forum previously for the purpose of litigating a patent dispute; and (6) its admission that it is subject to the Court's jurisdiction in other patent litigations.

ANSWER:   The allegations in paragraph 26 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Techs. does not contest personal jurisdiction for the limited purpose of this matter only.

27.     On information and belief, the acts of Defendant IntelGenx Corp. complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of Defendant IntelGenx Tech.

9

ANSWER:    Defendants admit that IntelGenx Corp. is directly and indirectly owned by

IntelGenx Techs. Defendants deny the remaining allegations of paragraph 27 of the Complaint.


28.    On information and belief, the acts of Defendant IntelGenx Corp. and Defendant
IntelGenx Tech. complained of herein were done at the direction of, with the authorization of, or
with the cooperation, participation or assistance of, or at least in part for the benefit of,
Defendant Insud and/or Defendant Chemo Research.

ANSWER:    Defendants admit that Chemo Research submitted ANDA No. 212036

seeking approval to engage in the commercial sale of Chemo's ANDA Product throughout the

United States, including in this Judicial District. Defendants deny the remaining allegations of

paragraph 28 of the Complaint.


29.    On information and belief, and consistent with their practice with respect to other
generic products, following FDA approval of ANDA No. 212036, Defendants will market,
distribute, sell, and derive revenue from Defendants' generic buprenorphine buccal film product
described in ANDA No. 212036 throughout the United States, including in Delaware.

ANSWER:    Defendants admit that Chemo Research submitted ANDA No. 212036

seeking approval to engage in the commercial sale of Chemo's ANDA Product throughout the

United States, including in this Judicial District. Defendants deny the remaining allegations of

paragraph 29 of the Complaint.


30.    This patent infringement action arises under the United States Patent Laws, Title
35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331,
1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and
1400(b).

ANSWER:    The allegations in paragraph 30 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, Defendants admit

that this purports to be an action for patent infringement under the patent laws of the United

States, Title 35. Defendants further admit that this Court has jurisdiction over the subject matter

of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Defendants do not contest

venue for the limited purpose of this matter only.

### COUNT I FOR PATENT INFRINGEMENT
**(Infringement of U.S. Patent No. 8,147,866 ("the '866 patent")**
**under 35 U.S.C. § 271 (e)(2))**

31.     Plaintiffs reallege and incorporate by reference paragraphs 1-30.

ANSWER:     In response to paragraph 31 of the Complaint, Defendants incorporate by

reference paragraphs 1 through 30 of this answer as if fully set forth herein.


32.     The '866 patent, titled "Transmucosal Delivery Devices with Enhanced Uptake,"
was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the United States
Patent and Trademark Office ("PTO") on April 3, 2012. The '866 patent is currently assigned to
Plaintiff BDSI and expires on July 23, 2027. A true and correct copy of the '866 patent is
attached as Exhibit A.

ANSWER:     Defendants admit that the face of the '866 patent indicates both that the

title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it issued on April 3,

2012, listing Andrew Finn and Niraj Vasisht as purported inventors. The public documents

referenced in paragraph 32 speak for themselves and are the best evidence of their contents.

Defendants admit that Exhibit A purports to be a copy of the '866 patent. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs'

allegations and on that basis deny them, and specifically deny that the '866 patent was "duly and

legally issued."


33.     NDA No. 207932 is directed to the use of Belbuca® in the treatment of pain by
transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23,
2015. The '866 patent is listed in the Approved Drug Products with Therapeutic Equivalence
Evaluations ("the Orange Book") for NDA No. 207932.

ANSWER:     Defendants admit that the U.S. Food and Drug Administration's ("FDA")

electronic database of "Approved Drug Products with Therapeutic Equivalence Evaluations,"

called the "Orange Book," identifies the '866 patent in connection with NDA No. 207932. The

Orange Book also indicates that NDA No. 207932 was approved on October 23, 2015.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remainder of Plaintiffs' allegations and on that basis deny them.

34.     On information and belief, Defendants filed, or caused to be filed, ANDA No.
212036 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial
manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg, 150 mcg, 300 mcg, 450 mcg,
and 900 mcg in the United States before the expiration of the '866 patent.

ANSWER:    Defendants admit that Chemo Research submitted ANDA No. 212036

pursuant to the applicable statutes of the Federal Food Drug and Cosmetic Act ("FFDCA")

seeking marketing approval for the commercial manufacture, use, and sale of its generic

buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg product in the

United States. Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35.     On information and belief, ANDA No. 212036 contains a Paragraph IV
certification alleging that the claims of the '866 patent are invalid and/or not infringed.

ANSWER:    Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV),

Chemo Research included with its ANDA certifications that the '866 patent is invalid,

unenforceable, and/or will not be infringed by the manufacture, sale, or use of the product

described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 35 of

the Complaint.

36.     Defendants sent, or caused to be sent, to Plaintiffs a letter dated January 31, 2019
("the Notice Letter") notifying Plaintiffs that Defendants had submitted ANDA No. 212036 and
providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges
invalidity and noninfringement of claims 1-12 of the '866 patent.

ANSWER:    Defendants admit that Chemo Research sent written notice of its ANDA

and its Paragraph IV certification to Plaintiff BDSI. Defendants further admit that Chemo

Research certified that claims 1-12 of the '866 patent are invalid, unenforceable, and/or will not

be infringed by the manufacture, sale, or use of the product described in ANDA No. 212036.

Defendants deny the remaining allegations of paragraph 36 of the Complaint.

37.     Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the
'866 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No.
212036 that seeks approval to commercially market—before the expiration date of the '866
patent—Defendants' generic buprenorphine buccal film, the manufacture, use, offer for sale, or
sale within the United States of which would directly infringe, literally or through the doctrine of
equivalents, one or more claims of the '866 patent, and the manufacture, use, offer for sale, or
sale of which would contribute to or induce the direct infringement of one or more claims of the
'866 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film.

        ANSWER:     Denied.

38.     On information and belief, Defendants have knowledge of the '866 patent and
have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for
sale, and sell Defendants' generic buprenorphine buccal film in the United States. On
information and belief, if the FDA approves ANDA No. 212036, physicians, health care
providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal
film in accordance with the instructions and/or label provided by Defendants and will directly
infringe one or more claims of the '866 patent.

        ANSWER:     Defendants admit that Chemo Research prepared and submitted ANDA

No. 212036. Defendants deny the remaining allegations of paragraph 38 of the Complaint.

39.     On information and belief, Defendants know and intend that physicians, health
care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine
buccal film in accordance with the instructions and/or label provided by Defendants and will
therefore induce infringement of one or more of the claims of the '866 patent with the requisite
intent.

        ANSWER:     Denied.

40.     On information and belief, if the FDA approves ANDA No. 212036, Defendants
will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in
practicing one or more of the method claims of the '866 patent, wherein Defendants' generic
buprenorphine buccal film is a material part of the method claimed, wherein Defendants know
that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal
film in practicing one or more of the methods claimed in the '866 patent, and wherein

buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '866 patent.

ANSWER:   Denied.

41.   Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER:   Denied.

42.   Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER:   The allegations contained in paragraph 42 contain conclusions of law to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis deny them.

43.   Defendants' statements of the factual and legal bases for their opinion regarding the validity of the '866 patent contained in the Notice Letter are devoid of any objective good-faith basis in either the facts or the law.

ANSWER:   Denied.

44.   Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '866 patent, actively inducing infringement of the '866 patent, and/or contributing to the infringement by others of the '866 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:   Denied.

## COUNT II FOR PATENT INFRINGEMENT
**(Infringement of U.S. Patent No. 9,655,843 ("the '843 patent")**
**under 35 U.S.C. § 271 (e)(2))**

45.   Plaintiffs reallege and incorporate by reference paragraphs 1-30.

ANSWER:   In response to paragraph 45 of the Complaint, Defendants incorporate by

14

reference paragraphs 1 through 30 of this answer as if fully set forth herein.

46.     The '843 patent, titled "Transmucosal Delivery Devices with Enhanced Uptake," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on May 23, 2017. The '843 patent is currently assigned to Plaintiff BDSI and expires on July 23, 2027. A true and correct copy of the '843 patent is attached as Exhibit B.

ANSWER:     Defendants admit that the face of the '843 patent indicates both that the

title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it issued on May 23,

2017 listing Andrew Finn and Niraj Vasisht as purported inventors. The public documents

referenced in paragraph 46 speak for themselves and are the best evidence of their contents.

Defendants admit that Exhibit B purports to be a copy of the '843 patent. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs'

allegations and on that basis deny them, and specifically deny that the '843 patent was "duly and

legally issued."

47.     NDA No. 207932 is directed to the use of Belbuca® in the treatment of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23, 2015. The '843 patent is listed in the Orange Book for NDA No. 207932.

ANSWER:     Defendants admit that the FDA's Orange Book identifies the '843 patent

in connection with NDA No. 207932. The Orange Book also indicates that NDA No. 207932

was approved on October 23, 2015. Defendants lack knowledge or information sufficient to form

a belief as to the truth of the remainder of Plaintiffs' allegations and on that basis deny them.

48.     On information and belief, Defendants filed, or caused to be filed, ANDA No. 212036 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg in the United States before the expiration of the '843 patent.

ANSWER:     Defendants admit that Chemo Research submitted ANDA No. 212036

pursuant to the applicable statutes of the FFDCA seeking marketing approval for the commercial

manufacture, use, and sale of its generic buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg product in the United States. Defendants deny the remaining allegations of paragraph 48 of the Complaint.

49.     On information and belief, ANDA No. 212036 contains a Paragraph IV certification alleging that the claims of the '843 patent are invalid and/or not infringed.

ANSWER:    Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Chemo Research included with its ANDA certifications that the '843 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 49 of the Complaint.

50.     Defendants sent, or caused to be sent, to Plaintiffs the Notice Letter, dated January 31, 2019, notifying Plaintiffs that Defendants had submitted ANDA No. 212036 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges invalidity and noninfringement of claims 1-25 of the '843 patent.

ANSWER:    Defendants admit that Chemo Research sent written notice of its ANDA and its Paragraph IV certification to Plaintiff BDSI. Defendants admit that Chemo Research certified that claims 1-25 of the '843 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 50 of the Complaint.

51.     Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '843 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No. 212036 that seeks approval to commercially market—before the expiration date of the '843 patent—Defendants' generic buprenorphine buccal film, the manufacture, use, offer for sale, or sale within the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '843 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the '843 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film.

ANSWER:    Denied.

16

52.    On information and belief, Defendants have knowledge of the '843 patent and have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film in the United States. On information and belief, if the FDA approves ANDA No. 212036, physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '843 patent.

ANSWER:    Defendants admit that Chemo Research prepared and submitted ANDA No. 212036. Defendants deny the remaining allegations of paragraph 52 of the Complaint.

53.    On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '843 patent with the requisite intent.

ANSWER:    Denied.

54.    On information and belief, if the FDA approves ANDA No. 212036, Defendants will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in practicing one or more of the method claims of the '843 patent, wherein Defendants' generic buprenorphine buccal film is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film in practicing one or more of the methods claimed in the '843 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '843 patent.

ANSWER:    Denied.

55.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER:    Denied.

56.    Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER:    The allegations contained in paragraph 56 contain conclusions of law to which no answer is required. To the extent an answer is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis

deny them.

57.     Defendants' statements of the factual and legal bases for their opinion regarding
the validity of the '843 patent contained in the Notice Letter are devoid of any objective good-
faith basis in either the facts or the law.

ANSWER:     Denied.

58.     Defendants acted without a reasonable basis for believing that they would not be
liable for infringing the '843 patent, actively inducing infringement of the '843 patent, and/or
contributing to the infringement by others of the '843 patent. This case is therefore
"exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:     Denied.

**COUNT III FOR PATENT  INFRINGEMENT**
**(Infringement of U.S. Patent No. 9,901,539 ("the '539 patent")**
**under 35 U.S.C. § 271 (e)(2))**

59.     Plaintiffs reallege and incorporate by reference paragraphs 1-30.

ANSWER:     In response to paragraph 59 of the Complaint, Defendants incorporate by

reference paragraphs 1 through 30 of this answer as if fully set forth herein.

60.     The '539 patent, titled "Transmucosal Delivery Devices for Use in Chronic Pain
Relief," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on
February 27, 2018. The '539 patent is currently assigned to Plaintiff BDSI and expires on
December 21, 2032. A true and correct copy of the '539 patent is attached as Exhibit C.

ANSWER:     Defendants admit that the face of the '539 patent indicates both that the

title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it issued on February

27, 2018, listing Andrew Finn and Niraj Vasisht as purported inventors. The public documents

referenced in paragraph 60 speak for themselves and are the best evidence of their contents.

Defendants admit that Exhibit C purports to be a copy of the '539 patent. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs'

18

allegations and on that basis deny them, and specifically deny that the '539 patent was "duly and legally issued."

61.     NDA No. 207932 is directed to the use of Belbuca® in the treatment of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23, 2015. The '539 patent is listed in the Orange Book for NDA No. 207932.

ANSWER:     Defendants admit that the FDA's Orange Book identifies the '539 patent in connection with NDA No. 207932. The Orange Book also indicates that NDA No. 207932 was approved on October 23, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs' allegations and on that basis deny them.

62.     On information and belief, Defendants filed, or caused to be filed, ANDA No. 212036 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg in the United States before the expiration of the '539 patent.

ANSWER:     Defendants admit that Chemo Research submitted ANDA No. 212036 pursuant to the applicable statutes of the FFDCA seeking marketing approval for the commercial manufacture, use, and sale of its generic buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg product in the United States. Defendants deny the remaining allegations of paragraph 62 of the Complaint.

63.     On information and belief, ANDA No. 212036 contains a Paragraph IV certification alleging that the claims of the '539 patent are invalid and/or not infringed.

ANSWER:     Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Chemo Research included with its ANDA certifications that the '539 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, sale, or use of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 63 of the Complaint.

64.     Defendants sent, or caused to be sent, to Plaintiffs the Notice Letter, dated January 31, 2019, notifying Plaintiffs that Defendants had submitted ANDA No. 212036 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges invalidity and noninfringement of claims 1-22 of the '539 patent

ANSWER:     Defendants admit that Chemo Research sent written notice of its ANDA

and its Paragraph IV certification to Plaintiff BDSI.  Defendants further admit that Chemo

Research certified that claims 1-22 of the '539 patent are invalid, unenforceable, and/or will not

be infringed by the manufacture, sale, or use of the product described in ANDA No. 212036.

Defendants deny the remaining allegations of paragraph 64 of the Complaint.


65.     Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '539 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No. 212036 that seeks approval to commercially market—before the expiration date of the '539 patent—Defendants' generic buprenorphine buccal film, the use of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '539 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the '539 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film.

ANSWER:     Denied.


66.     On information and belief, Defendants have knowledge of the '539 patent and have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film in the United States. On information and belief, if the FDA approves ANDA No. 212036, physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '539 patent.

ANSWER:     Defendants admit that Chemo Research prepared and submitted ANDA

No. 212036. Defendants deny the remaining allegations of paragraph 66 of the Complaint.


67.     On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '539 patent with the requisite intent.

ANSWER:    Denied.

68.    On information and belief, if the FDA approves ANDA No. 212036, Defendants will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in practicing one or more of the method claims of the '539 patent, wherein Defendants' generic buprenorphine buccal film is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film in practicing one or more of the methods claimed in the '539 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '539 patent.

ANSWER:    Denied.

69.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER:    Denied.

70.    Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER:    The allegations contained in paragraph 70 contain conclusions of law to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis deny them.

71.    Defendants' statements of the factual and legal bases for their opinion regarding the validity of the '539 patent contained in the Notice Letter are devoid of any objective good-faith basis in either the facts or the law.

ANSWER:    Denied.

72.    Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:    Denied.

## COUNT IV FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the '866 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c))

73.     Plaintiffs reallege and incorporate by reference paragraphs 1-44.

ANSWER:     In response to paragraph 73 of the Complaint, Defendants incorporate by reference paragraphs 1 through 44 of this answer as if fully set forth herein.

74.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

ANSWER:     Defendants admit that this purports to be an action for patent infringement under the patent laws of the United States, Title 35, and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Defendants deny the remaining allegations of paragraph 74 of the Complaint.

75.     On information and belief, and based on information provided by Defendants, if the FDA approves Defendants' generic buprenorphine buccal film for use and sale in the United States, Defendants would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '866 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights, by making, using, offering to sell, selling, and/or importing Defendants' generic buprenorphine buccal film for use and sale within the United States.

ANSWER:     Denied.

76.     The manufacture, sale, offer for sale, and/or importation of Defendants' generic buprenorphine buccal film so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '866 patent under 35 U.S.C. §§ 271(b) and/or (c), in violation of Plaintiffs' patent rights.

ANSWER:     Denied.

77.     On information and belief, Defendants have knowledge of the '866 patent and have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film in the United States. On information and belief, if the FDA approves ANDA No. 212036, physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '866 patent.

22

ANSWER:    Defendants admit that Chemo Research prepared and submitted ANDA

No. 212036. Defendants deny the remaining allegations of paragraph 77 of the Complaint.


78.    On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '866 patent with the requisite intent under 35 U.S.C. § 271(b).

ANSWER:    Denied.


79.    On information and belief, if the FDA approves ANDA No. 212036, Defendants will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in practicing one or more of the method claims of the '866 patent, wherein Defendants' generic buprenorphine buccal film is a material part of the method claimed in the '866 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film for one or more of the methods claimed in the '866 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '866 patent under 35 U.S.C. § 271(c).

ANSWER:    Denied.


80.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '866 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

ANSWER:    The allegations in paragraph 80 of the Complaint contain conclusions of

law to which no answer is required. To the extent that a response is required, Defendants admit

that there is an actual case or controversy between Plaintiffs on the one side, and Defendants on

the other, creating a justiciable case or controversy regarding the '866 patent.


81.    Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '866 patent, actively inducing infringement of the '866 patent, and/or contributing to the infringement by others of the '866 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:    Denied.

## COUNT V FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the '843 Patent
### under 35 U.S.C. §§ 271 (a), (b), and/or (c))

82.     Plaintiffs reallege and incorporate by reference paragraphs 1-30, 45-58.

ANSWER:     In response to paragraph 82 of the Complaint, Defendants incorporate by

reference paragraphs 1 through 30 and 45 through 58 of this answer as if fully set forth herein.


83.     This declaratory judgment claim arises under the United States Patent Laws, 35
U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(a)-(c), and the Declaratory Judgment Act, 28
U.S.C. §§ 2201 and 2202.

ANSWER:     Defendants admit that this purports to be an action for patent infringement

under the patent laws of the United States, Title 35, and the Declaratory Judgment Act 28 U.S.C.

§§ 2201 and 2202. Defendants deny the remaining allegations of paragraph 83 of the Complaint.


84.     On information and belief, and based on information provided by Defendants, if
the FDA approves Defendants' generic buprenorphine buccal film for use and sale in the United
States, Defendants would directly infringe, literally and/or through the doctrine of equivalents,
one or more claims of the '843 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent
rights, by making, using, offering to sell, selling, and/or importing Defendants' generic
buprenorphine buccal film for use and sale within the United States.

ANSWER:     Denied.


85.     The manufacture, sale, offer for sale, and/or importation of Defendants' generic
buprenorphine buccal film so labeled, if approved by the FDA, will induce and contribute to the
infringement of one or more claims of the '843 patent under 35 U.S.C. §§ 271(b) and/or (c), in
violation of Plaintiffs' patent rights.

ANSWER:     Denied.


86.     On information and belief, Defendants have knowledge of the '843 patent and
have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for
sale, and sell Defendants' generic buprenorphine buccal film in the United States. On
information and belief, if the FDA approves ANDA No. 212036, physicians, health care
providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal
film in accordance with the instructions and/or label provided by Defendants and will directly
infringe one or more claims of the '843 patent.

ANSWER:    Defendants admit that Chemo Research prepared and submitted ANDA No. 212036. Defendants deny the remaining allegations of paragraph 86 of the Complaint.

87.    On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '843 patent with the requisite intent under 35 U.S.C. § 271(b).

ANSWER:    Denied.

88.    On information and belief, if the FDA approves ANDA No. 212036, Defendants will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in practicing one or more of the method claims of the '843 patent, wherein Defendants' generic buprenorphine buccal film is a material part of the method claimed in the '843 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film for one or more of the methods claimed in the '843 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '843 patent under 35 U.S.C. § 271(c).

ANSWER:    Denied.

89.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '843 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

ANSWER:    The allegations in paragraph 89 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants admit that there is an actual case or controversy between Plaintiffs on the one side, and Defendants on the other, creating a justiciable case or controversy regarding the '843 patent.

90.    Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '843 patent, actively inducing infringement of the '843 patent, and/or contributing to the infringement by others of the '843 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:    Denied.

25

## COUNT VI FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the '539 Patent
### under 35 U.S.C. §§ 271 (b) and/or (c))

91.    Plaintiffs reallege and incorporate by reference paragraphs 1-30, 59-72.

ANSWER:    In response to paragraph 91 of the Complaint, Defendants incorporate by

reference paragraphs 1 through 30 and 59 through 72 of this answer as if fully set forth herein.

92.    This declaratory judgment claim arises under the United States Patent Laws, 35
U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(b)-(c), and the Declaratory Judgment Act, 28
U.S.C. §§ 2201 and 2202.

ANSWER:    Defendants admit that this purports to be an action for patent infringement

under the patent laws of the United States, Title 35, and the Declaratory Judgment Act 28 U.S.C.

§§ 2201 and 2202. Defendants deny the remaining allegations of paragraph 92 of the Complaint.

93.    The manufacture, sale, offer for sale, and/or importation of Defendants' generic
buprenorphine buccal film so labeled, if approved by the FDA, will induce and contribute to the
infringement of one or more claims of the '539 patent under 35 U.S.C. §§ 271(b) and/or (c), in
violation of Plaintiffs' patent rights.

ANSWER:    Denied.

94.    On information and belief, Defendants have knowledge of the '539 patent and
have filed ANDA No. 212036 seeking authorization to commercially manufacture, use, offer for
sale, and sell Defendants' generic buprenorphine buccal film in the United States. On
information and belief, if the FDA approves ANDA No. 212036, physicians, health care
providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal
film in accordance with the instructions and/or label provided by Defendants and will directly
infringe one or more claims of the '539 patent.

ANSWER:    Defendants admit that Chemo Research prepared and submitted ANDA

No. 212036. Defendants deny the remaining allegations of paragraph 94 of the Complaint.

95.    On information and belief, Defendants know and intend that physicians, health
care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine
buccal film in accordance with the instructions and/or label provided by Defendants and will

therefore induce infringement of one or more of the claims of the '539 patent with the requisite intent under 35 U.S.C. § 271(b).

    ANSWER:    Denied.


96.    On information and belief, if the FDA approves ANDA No. 212036, Defendants will sell or offer to sell their generic buprenorphine buccal film specifically labeled for use in practicing one or more of the method claims of the '539 patent, wherein Defendants' generic buprenorphine buccal film is a material part of the method claimed in the '539 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film for one or more of the methods claimed in the '539 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '539 patent under 35 U.S.C. § 271(c).

    ANSWER:    Denied.


97.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '539 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

    ANSWER:    The allegations in paragraph 97 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants admit that there is an actual case or controversy between Plaintiffs on the one side, and Defendants on the other, creating a justiciable case or controversy regarding the '539 patent.


98.    Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

    ANSWER:    Denied.


## PRAYER FOR RELIEF

This section of Plaintiffs' Complaint constitutes Prayers for Relief that do not require a response. Defendants deny that Plaintiffs are entitled to any of the requested relief or any other

relief whatsoever. Defendants request that judgment be entered in their favor, dismissing Plaintiffs' Complaint with prejudice, awarding Defendants attorneys' fees and costs incurred in this litigation under 35 U.S.C. § 285, and granting even further relief as the Court may deem just and proper. Each averment and/or allegation contained in Plaintiffs' Complaint that is not specifically admitted herein is hereby denied.

## DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants have not and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the Patents-in-Suit, and are not liable for any infringement thereof.

### THIRD DEFENSE

Each claim of the Patents-in-Suit is invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

### FOURTH DEFENSE

Any defense asserted in any other action in which the Patents-in-Suit are asserted.

## RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses as may be warranted by discovery or further factual investigation in this action.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Chemo Research S.L. ("Chemo Research"), Insud Pharma S.L.U. ("Insud Pharma"), IntelGenx Corp ("IntelGenx Corp."), and IntelGenx Technologies Corp. ("IntelGenx Techs.") (collectively, "Defendants" or "Counterclaim Plaintiffs") assert the following counterclaims against Plaintiffs and Counterclaim Defendants BioDelivery Sciences International, Inc. ("BDSI") and Arius Two, Inc. ("Arius") (collectively "Plaintiffs" or "Counterclaim Defendants").

## NATURE OF THE ACTION

1.      These counterclaims include claims for a declaratory judgment of invalidity and noninfringement of U.S. Patent Nos. 8,147,866 ("the '866 patent"), 9,655,843 ("the '843 patent"), and 9,901,539 ("the '539 patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2.      Insud Pharma is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd Floor, 28050 Madrid, Spain.

3.      Chemo Research is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd Floor, 28050 Madrid, Spain.

4.      IntelGenx Corp. is a corporation organized and existing under the laws of Canada,

having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

5.      IntelGenx Techs. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

6.      On information and belief, and as alleged in its Complaint, BDSI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612.

7.      On information and belief, and as alleged in its Complaint, Arius is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. On information and belief, Arius is a wholly owned subsidiary of BDSI.

## JURISDICTION AND VENUE

8.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

9.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

10.      Counterclaim Defendants have availed themselves of this forum in this action and are therefore subject to personal jurisdiction in this Judicial District.

11.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400, and as a result of Counterclaim Defendants' choice of forum.

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE**
**'866 PATENT**

12.     Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13.     Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '866 patent by filing ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the proposed generic drug product described in ANDA No. 212036 ("Chemo's ANDA Product") would infringe that patent. Counterclaim Plaintiffs deny that filing ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, or importation of the proposed generic drug product described in that ANDA would constitute infringement of the '866 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs from entering the market for the proposed generic drug product described in ANDA No. 212036.

14.     The manufacture, use, or sale of the proposed generic drug product described in ANDA No. 212036 would not infringe any valid and enforceable claim of the '866 patent, either directly or indirectly, and either literally or under the doctrine of equivalents. For example, Chemo's ANDA Product does not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4 and 6.

15.     The '866 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

16.     A present, genuine, and justiciable controversy exists between Counterclaim

Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, or sale of Counterclaim Plaintiffs' ANDA Product would infringe any valid and enforceable claim of the '866 patent.

17.     Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '866 patent are invalid and/or not infringed.

18.     Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## SECOND COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE '843 PATENT

19.     Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of these counterclaims as if fully set forth herein.

20.     Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '843 patent by filing ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the proposed generic drug product described in ANDA No. 212036 would infringe that patent. Counterclaim Plaintiffs deny that filing ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, or importation of the proposed generic drug product described in that ANDA would constitute infringement of the '843 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs' from entering the market for the proposed generic drug product described in ANDA No. 212036.

21.     The manufacture, use, or sale of the proposed generic drug product described in

ANDA No. 212036 would not infringe any valid and enforceable claim of the '843 patent, either directly or indirectly, and either literally or under the doctrine of equivalents. For example, Chemo's ANDA Product does not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4 and 7.5.

22.     The '843 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

23.     A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, or sale of Counterclaim Plaintiffs' ANDA Product would infringe any valid and enforceable claim of the '843 patent.

24.     Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '843 patent are invalid and/or not infringed.

25.     Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**THIRD COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF THE**
**'539 PATENT**

26.     Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 of this counterclaim as if fully set forth herein.

27.     Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '539 patent by filing ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the proposed generic drug product described in ANDA No. 212036 would infringe that patent. Counterclaim Plaintiffs deny that filing ANDA No. 212036 was an act of infringement

under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, or importation of the proposed generic drug product described in that ANDA would constitute infringement of the '539 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs from entering the market for the proposed generic drug product described in ANDA No. 212036.

28.     The manufacture, use, or sale of the proposed generic drug product described in ANDA No. 212036 would not infringe any valid and enforceable claim of the '539 patent, either directly or indirectly, and either literally or under the doctrine of equivalents. For example, Chemo's ANDA Product does not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4 and 6.

29.     The '539 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

30.     A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, or sale of Counterclaim Plaintiffs' ANDA Product would infringe any valid and enforceable claim of the '539 patent.

31.     Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '539 patent are invalid and/or not infringed.

32.     Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray that the Court enter judgment ordering as follows:

(a)     adjudicating and declaring that the Patents-in-Suit are invalid and/or not

infringed;

(b)     if the facts demonstrate that the case is exceptional within the meaning of 35

U.S.C. § 285, awarding Counterclaim Plaintiffs reasonable attorneys' fees and

costs reasonably incurred in this action; and

(c)     granting Counterclaim Plaintiffs such other and further relief as the Court deems

just and appropriate.

Dated: April 19, 2019

*Of Counsel*

Dennies Varughese, Pharm.D.
Adam C. LaRock
Lauren A. Watt
Charles Wysocki
STERNE, KESSLER,
GOLDSTEIN & FOX P.L.L.C
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
lwatt@sternekessler.com
cwysocki@sternekessler.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Chemo Research S.L. and Insud*
*Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
David Tseng
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
tseng.david@dorsey.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs IntelGenx Corp. and IntelGenx*
*Technologies Corp.*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs*

01:24411725.1

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, hereby certify that on April 19, 2019, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Jeremy A. Tigan, Esquire
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> *jblumenfeld@mnat.com*
> *jtigan@mnat.com*
>
> *Attorneys for Plaintiffs/Counterclaim Defendants*

I further certify that on April 19, 2019**,** I caused the foregoing document to be served via

electronic mail upon the above-listed counsel.

Dated:  April 19, 2019

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*swilson@ycst.com*

*Attorneys for Defendants/Counterclaim
Plaintiffs*