IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMO RESEARCH, S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 19-444 (CFC) |

## [PROPOSED] SCHEDULING ORDER

This ____ day of _____ 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Relevant Deadlines and Dates</u>. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **June 14, 2019**. The parties shall also make their initial disclosures pursuant to Paragraph 3 of the Delaware Default Standard for Discovery on **June 21, 2019**.

3. <u>Disclosure of Asserted Claims and Infringement Contentions</u>.

    (a) The Accused Product is Defendants' generic buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg as identified in Defendants' January

31, 2019, Notice Letter and Plaintiffs' Complaint for Patent Infringement (D.I. 1). The Asserted Patents are U.S. Patent Nos. 8,147,866; 9,655,843; and 9,901,539, also identified in Defendants' January 31, 2019 Notice Letter and Plaintiffs' Complaint (D.I. 1).

(b)     On or before **June 19, 2019**, Defendants shall produce the complete Abbreviated New Drug Application(s) ("ANDA(s)") at issue in this case pursuant to Paragraph 4(b) of the Delaware Default Standard.

(c)     On or before **July 24, 2019**, Plaintiffs shall serve on Defendants their "Disclosure of Asserted Claims and Infringement Contentions," pursuant to Paragraph 4(c) of the Delaware Default Standard, which shall contain the following information:

i.     Each claim of each asserted patent that is allegedly infringed by defendant, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

ii.     A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Product;

iii.     For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

iv.     Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused

Instrumentality; and

   v.  For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled.

  4. <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>.  With the "Disclosure of Asserted Claims and Infringement Contentions," Plaintiffs shall produce to Defendants or make available for inspection and copying:

   (a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

   (b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(c)(v) of this Order, whichever is earlier;

   (c) A copy of the file history for each asserted patent;

   (d) All documents evidencing ownership of the patent rights by Plaintiffs; and

   (e) All agreements, including licenses, transferring an interest in any asserted patent.

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is

prior art under 35 U.S.C. § 102.

5.     <u>Invalidity Contentions</u>.  On or before **August 26, 2019**, Defendants shall serve on Plaintiffs their "Invalidity Contentions," pursuant to Paragraph 4(d) of the Delaware Default Standard, which shall contain the following information:

(a)     The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)     A chart identifying specifically where and how in each alleged item of

prior art each limitation of each asserted claim is found; and

  (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

  6. <u>Document Production Accompanying Invalidity Contentions</u>. With the "Invalidity Contentions," Defendants shall produce or make available for inspection and copying:

  (a) A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

  7. <u>Amendment to Contentions</u>. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. In particular, as this is a Hatch-Waxman case, and the accused product is not publicly available, fact and expert discovery may reveal additional information about the accused product, including through expert testing, that could not be available at the time the initial infringement contentions were filed. In such cases, good cause will be established and leave to amend contentions will be given. The duty to supplement discovery

responses does not excuse the need to obtain leave of the Court to amend contentions.

8.  <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **November 1, 2019**.

9.  <u>Discovery</u>

    (a) <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **February 3, 2020**.

    (b) <u>Document Production</u>. Document production shall be substantially completed on or before **November 22, 2019.**

    (c) <u>Access to Documents from Related Matter</u>. Plaintiffs agree that Defendants in the above captioned action shall have access to the production documents produced by Plaintiffs in the *Alvogen* action, including Plaintiffs' confidential information disclosed by Plaintiffs in that action, but excluding discovery related to the ANDA formulation in that matter. This discovery should also include Plaintiffs' responses to interrogatories, Plaintiffs' responses to requests for admission (but excluding responses disclosing the ANDA formation in the *Alvogen* action). Plaintiffs agree to provide to Defendant an initial production of these documents by **July 22, 2019**, and an updated production on **December 20, 2019**. To the extent additional discovery is produced in the *Alvogen* action after December 23, 2019, Plaintiffs will produce those documents promptly. Plaintiffs also agree that Defendants will be able to use and rely upon any document produced from the *Alvogen* action as if they were produced in this case.

    (d) <u>Requests for Admission</u>. A maximum of **fifty (50)** requests for admission

6

are permitted for each side.

(e) <u>Interrogatories</u>.

A maximum of **thirty-five (35)** interrogatories, including contention interrogatories, for the combined Chemo and Alvogen Defendants collectively, and **thirty-five (35)** interrogatories, including contention interrogatories, for Plaintiffs.

(f) <u>Depositions</u>.

    i.     <u>Limitations for Deposition Discovery</u>.

        1.     **Plaintiffs' Depositions [Not Disputed]**

            a.     **Fact Depositions**

Plaintiffs may take a total of **seven (7)** depositions upon oral examination of individual fact witnesses of the Chemo Defendants, and may further take a total of **seven (7)** depositions upon oral examination of individual fact witnesses of the Alvogen Defendants. All such depositions shall comport with Federal Rule of Civil Procedure 30(d), i.e., each deposition is limited to **one (1)** day of **seven (7)** hours.

            b.     **30(b)(6) Depositions**

Plaintiffs may take **one (1)** deposition under Federal Rule of Civil Procedure 30(b)(6) of the Chemo Defendants, and **one (1)** deposition under Federal Rule of Civil Procedure 30(b)(6) of the Alvogen Defendants. For each Defendant group, the total collective time for all topics for one or more witnesses designated

under Rule 30(b)(6) shall not exceed **fourteen (14)** hours.

2. **Defendants' Depositions**

    a. **Fact Depositions [Not Disputed]**

**[Parties' Proposal]**

The Chemo and Alvogen Defendants may take a combined total of **seven (7)** depositions upon oral examination of individual fact witnesses of Plaintiffs. The Chemo and Alvogen Defendants are required to coordinate in the taking of the foregoing depositions. Plaintiffs' witnesses will not be deposed separately in the *Alvogen* and *Chemo* actions. In addition, each Defendant group (i.e., the Alvogen Defendants on the one hand and the Chemo Defendants on the other) may each take up to **two (2)** additional individual fact depositions of Plaintiffs' witnesses. All such depositions shall comport with Federal Rule of Civil Procedure 30(d), i.e., each deposition is limited to one (1) day of seven (7) hours.

    b. **30(b)(6) Depositions [Disputed by the Parties]**

**[Plaintiffs' Proposal]**[1]

---

[1] **[Plaintiff's position]** The schedule in the related *Alvogen* case (C.A. No. 18-1395) allows each party to take 14 hours of 30(b)(6) testimony from the other party. Given the Court's ruling that discovery should be coordinated at the July 18th scheduling conference, BDSI had understood and submits that the Chemo and Alvogen Defendants should coordinate in taking these 14 hours of 30(b)(6) testimony; they can split the time however they wish. This testimony would be on top of the 11 potential fact depositions (or 77 hours of testimony) that the Court permitted Defendants to take at the scheduling conference. This is a significant amount of time given that there are only two inventors for the patents-in-suit, and BDSI is a small company.

8

The Chemo and Alvogen Defendants may take a combined total of **one (1)** deposition under Federal Rule of Civil Procedure 30(b)(6) of Plaintiffs, not to exceed **fourteen (14)** hours over one or more witnesses. The Chemo and Alvogen Defendants need to coordinate their topics such that they are not duplicative and that BDSI's witness(es) on a given topic only appear(s) once.]

**[Defendants' Proposal]**[2]

The Chemo and Alvogen Defendants may collectively take one (1) deposition under Federal Rule of Civil Procedure 30(b)(6) of Plaintiffs, not to exceed **twenty-one (21) hours** over one or more witnesses, provided that **seven (7) of the twenty-one (21)** allotted hours is reserved solely for the Chemo Defendants to

---

The Chemo Defendants' proposal of an additional 7 hours of 30(b)(6) testimony, or approximately 3 total days of 30(b)(6) testimony on top of the 11 fact depositions, is unreasonable as the validity issues in both cases are the same, and all the Defendants should coordinate. Further, Defendants' argument that the additional hours are required because of their infringement issue is misplaced. Plaintiffs' fact witnesses have no knowledge about Defendants' product or their non-infringement defenses, particularly as their ANDA is designated confidential and cannot be shared with Plaintiffs' witnesses. It makes no sense to allow 7 additional hours of 30(b)(6) testimony on topics for which the witnesses lack knowledge.

[2] **[Defendants' Position]** The parties' dispute whether the 30(b)(6) deposition of Plaintiffs should be limited to 14 hours (as set in the Alvogen only schedule) or expanded, by 7 hours, to 21 hours (with 7 hours reserved solely for the Chemo Defendants) to account for participation by the Chemo Defendants, who have non-overlapping defenses, including non-infringement defenses, not at issue in the Alvogen case. Plaintiffs have acknowledged this difference between the defendant groups (*see, e.g.,* Rule 16 Tr. at 20:9-11), yet their proposal treats the Chemo and Alvogen Defendants as similarly situated in all respects. As depositions of Plaintiffs' 30(b)(6) witnesses will relate to the Chemo Defendants' non-overlapping defenses, the Chemo Defendants respectfully request separate allotted time to properly address these issues. It is likely that BDSI's witnesses will have discoverable information concerning infringement issues given that BDSI's infringement theories involve proving that the non-infringing features of Chemo's ANDA Product are equivalent to the claim limitations.

address non-overlapping issues, such as the Chemo Defendants' non-infringement defense, which needs to be conducted separately to preserve confidentiality.[3]

3. **Interpreters [Not Disputed by the Parties]**

For the above depositions, when an interpreter is required (i.e., when the deponent is not a native English speaker), each **two (2)** hours of actual deposition time will count as **one (1)** hour toward the total time permitted. If necessary, either party may petition the court for additional depositions and/or time. For purposes of this provision, the two Defendant groups are defined as all Defendants in the *Alvogen* action on the one hand, and all Defendants in this action (the Chemo Defendants), on the other hand.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10. Pinpoint Citations. Pinpoint citations are required in all briefing, letters, and

---

[3] **[Alvogen Defendants' Position]** – The Scheduling Order in the related Alvogen case, C.A. No. 18-1395-CFC, provides for 14 hours of Rule 30(b)(6) deposition time. D.I. 19 at 3, C.A. No. 18-1395-CFC. The Alvogen Defendants would be unfairly prejudiced if this 14-hour period included non-infringement issues unique to the Chemo Defendants (that will be subject to a separate trial) as well as common issues relating to invalidity. Accordingly, the Alvogen Defendants request that the Court adopt the Chemo Defendants' proposal.

concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

11. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before **August 6, 2019**.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a) Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included

oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b) By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c) Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d) If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14. <u>Hard Copies</u>. The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all

practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

      15.    <u>Claim Construction Issue Identification</u>.

On or before **August 16, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **August 30, 2019**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16. <u>Claim Construction Briefing</u>.

Claim construction briefing and the *Markman* hearing will be consolidated with the *Alvogen* action. The Alvogen and Chemo Defendants must consolidate and coordinate joint opposition and sur-reply briefs. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on **September 13, 2019**. The Defendants shall serve, but not file, their answering brief, not to exceed 8,250 words, on **October 11, 2019**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on **October 29, 2019**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,750 words, on **November 18, 2019**. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief. No later than **November 26, 2019**, the parties shall file a Joint Claim Construction Brief.

The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.     [TERM 1]

    1.     Plaintiffs' Opening Position

    2.     Defendants' Answering Position

    3.     Plaintiffs' Reply Position

    4.     Defendants' Sur-Reply Position

    B.      [TERM 2]

        1.      Plaintiffs' Opening Position

        2.      Defendants' Answering Position

        3.      Plaintiffs' Reply Position

        4.      Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

    17.    <u>Hearing on Claim Construction</u>. Beginning at \_\_\_\_\_ on **December 20, 2019**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    18.    <u>Disclosure of Expert Testimony</u>.

        (a) <u>Expert Reports</u>. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on

15

or before **February 19, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 18, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **April 15, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the reply expert reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **June 5, 2020**.

19. Case Dispositive Motions. No case or issue dispositive motions will be permitted in this Hatch-Waxman case tried to the bench.

20. Applications by Motions. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

21. Pretrial Conference. On **September 10, 2020**, the Court will hold a Rule 16(e) final pretrial conference for validity issues for the Chemo and Alvogen Defendants, and any infringement issues for the Alvogen Defendants, in court with counsel beginning at **4:00 p.m**. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 10 and 14 of this Order. The parties may raise issues related to expert testimony in the pretrial order.

There will be a separate pre-trial conference for trial on Chemo Defendants' non-infringement claims in **January \_\_\_\_, 2021**, that complies with the above provisions.

22. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

23. <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

24. <u>Trial</u>.  This matter is scheduled for a 5-day bench trial concerning validity issues, and infringement issues for the Alvogen Defendants, beginning at **8:30 a.m**. on **September 21, 2020**, with the subsequent trial days beginning at **8:30 a.m**.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

There will be a separate infringement 4-day bench trial involving Chemo Defendants' non-infringement claims on **February 1, 2021**.

25. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Colm F. Connolly
United States District Court Judge

# EXHIBIT A

**Summary of Case Schedule**

| Event | Dates |
|---|---|
| Complaint Filed | March 1, 2019 |
| Answer Filed | April 19, 2019 |
| Plaintiffs' Answer to Counterclaims | May 10, 2019 |
| Exchange Rule 26 Initial Disclosures | June 14, 2019 |
| Defendants Produce Their ANDA Under Paragraph 4(b) of the Default Disclosures | June 19, 2019 |
| Default Standard Paragraph 3 Disclosures by Both Parties | June 21, 2019 |
| Plaintiffs Provide Initial Production of Documents from the *Alvogen* action | July 22, 2019 |
| Plaintiffs Provide Claim Chart Pursuant to Paragraph 4(c) of the Default Standard | July 24, 2019 |
| Protective Order | August 6, 2019 |
| Exchange List of Claim Terms for Construction and Proposed Constructions | August 16, 2019 |
| Defendants' Initial Invalidity Contentions Pursuant to Paragraph 4(d) of the Default Standard | August 26, 2019 |
| Submit Joint Claim Construction Chart | August 30, 2019 |
| Plaintiffs to Serve Opening Claim Construction Brief | September 13, 2019 |
| Defendants to Serve Answering Claim Construction Brief | October 11, 2019 |
| Plaintiffs to Serve Reply Claim Construction Brief | October 29, 2019 |
| Amendment of Pleadings | November 1, 2019 |
| Defendants to Serve Sur-Reply Claim Construction Brief | November 18, 2019 |
| Substantial Completion of Document Production | November 22, 2019 |
| Parties to File Joint Claim Construction Brief and Joint Appendix of Evidence | November 26, 2019 |
| *Markman* Claim Construction Hearing | December 20, 2019 |
| Plaintiffs Provide Supplemental Production of Documents from the *Alvogen* action | December 20, 2019 |
| Close of Fact Discovery | February 3, 2020 |
| Opening Expert Reports | February 19, 2020 |
| Rebuttal Expert Reports | March 18, 2020 |
| Reply Expert Reports | April 15, 2020 |
| Close of Expert Discovery | June 5, 2020 |
| Pretrial Conference for consolidated Validity Trial with *Alvogen* action | September 10, 2020 |
| 5-Day Bench Trial Addressing Validity of Asserted Patents, consolidated with *Alvogen* action | September 21, 2020 |
| Pretrial Conference for Infringement Trial in *Chemo* action | January 2021 |
| 4-Day Bench Trial Addressing Infringement of Asserted Patents in *Chemo* action | February 1, 2021 |
| Thirty Month Stay Deadline | August 1, 2021 |