IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br>     Plaintiffs, <br><br> v. <br><br> CHEMO RESEARCH, S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br>     Defendants. | ) ) ) ) ) ) ) C.A. No. 19-444-CFC-CJB ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

- i -

OF COUNSEL:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine J. Kim
Sasha S. Rao
Lauren A. Watt
Charles T. Wysocki
STERNE, KESSLER, GOLDSTEIN &
 FOX PLLC
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
srao@sternekessler.com
lwatt@sternekessler.com
cwysocki@sternekessler.com

*Attorneys for Defendants Chemo Research, S.L. and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
David Tseng
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
tseng.david@dorsey.com

*Attorneys for Defendants IntelGenx Corp. and IntelGenx Technologies Corp.*

Dated: January 6, 2020

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

## TABLE OF CONTENTS

I. Background ........................................................................................................ 2
II. Argument .......................................................................................................... 4
    A. The Court's adoption of Plaintiffs' proposed construction of the "layer" terms constitutes good cause. ............................................... 5
    B. Defendants Acted Diligently in Seeking Amendment ......................... 7
    C. The Amendment Does Not Prejudice Plaintiffs ................................... 9
III. Conclusion ..................................................................................................... 10

...

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AstraZeneca AB v. Hanmi USA, Inc.*,
    No. 11-760 (JAP), 2011 WL 5526009 (D.N.J. Nov. 14, 2011) ...........................9

*Bayer Cropscience AG v. Dow AgroSciences LLC*,
    No. 10-1045 (RMB/JS), 2012 WL 12904381
    (D. Del. Feb. 27, 2017) .................................................................................4, 5, 7, 8

*Eon Corp. IP Holdings, LLC v. Flo TV Inc.*,
    No. 10-812 (RGA), 2013 WL 12155364 (D. Del. Sept. 5, 2013) .........................9

*Fujifilm Corp. v. Motorola Mobility LLC*,
    No. 12-cv-03587-WHO, 2014 WL 491745
    (N.D. Cal. Feb. 5, 2014) ........................................................................................8

*Int'l Dev. LLC v. Richmond*,
    No. 09-2495 (GEB), 2011 WL 149859 (D.N.J. Jan. 18, 2011).........................5, 9

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
    No. 13-1668-LPS, 2017 WL 658469 (D. Del. Feb. 14, 2017) ..............................4

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-cv-00876-RS (JSC), 2016 WL 2855260
    (N.D. Cal. May 13, 2016) ................................................................................8, 10

*Nuance Commc'ns, Inc. v. ABBYY Software House*,
    No. C 08-02912 JSW (MEJ), 2012 WL 2427160
    (N.D. Cal. June 26, 2012) .....................................................................................8

*O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ............................................................................4

*OpenDNS, Inc. v. Select Notifications Media, LLC*,
    No. C11-05101 EJD (HRL), 2013 WL 2422623
    (N.D. Cal. Jun. 3, 2013) ........................................................................................9

*Radware Ltd. v. F5 Networks, Inc.*,
    No. C-13-2024 RMW, 2014 WL 3728482

(N.D. Cal. July 28, 2014) ..................................................................................... 8

*TFH Publ'ns., Inc. v. Doskocil Mfg. Co., Inc.*,
    705 F. Supp. 2d 361 (D.N.J. 2010) ................................................................. 5

*Twilio, Inc. v. Telesign Corp.*,
    No.16-cv-06925-LHK (SVK), 2017 WL 3581186
    (N.D. Cal. Aug. 18, 2017) ............................................................................... 9

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
    No. C09-05897 RS (HRL), 2011 WL 940263
    (N.D. Cal. Feb. 18, 2011) ............................................................................... 8

*Yodlee, Inc. v. CashEdge, Inc.*,
    No. C 05-01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) ................ 7

**Statutes**

35 U.S.C. § 282(a) ............................................................................................... 10

**Other Authorities**

D.N.J. L. Pat. R. 3.7 .............................................................................................. 5

Fed. R. Civ. P. 26(a) ............................................................................................. 4

Fed. R. Civ. P. 26(e)(1) ........................................................................................ 4

N.D. Cal. L. Pat. R. 3-6 ........................................................................................ 5

Pursuant to ¶7 of the Scheduling Order, Defendants Chemo Research S.L., Insud Pharma S.L.U. (together with Chemo Research S.L., "Chemo"), IntelGenx Corp., and IntelGenx Technologies Corp. (all together, "Defendants") respectfully request leave to serve amended contentions to set forth additional grounds for invalidity of U.S. Patent Nos. 8,147,866, 9,901,539, and 9,655,843 (collectively, the "Patents-in-Suit"). *See* D.I. 39 at ¶7. Defendants' request is timely because the basis for the amendments is the Court's construction of the "layer" terms at the December 20, 2019 *Markman* hearing. Ex. A.

Good cause exists to grant Defendants' motion to serve amended invalidity contentions in view of the Court's December 20, 2019 ruling adopting a claim construction for the "layer" terms that is different than the one proposed by Defendants. Defendants acted diligently in (a) identifying the new invalidity bases, (b) seeking consent from Plaintiffs (where no response was received), and (c) seeking leave from this Court just over two weeks from the *Markman* hearing and over the recent holidays (including Hanukkah, Christmas, and New Year). Plaintiffs will suffer no prejudice from the amendment, as fact discovery is ongoing, no depositions have occurred, and expert discovery is over a month away. Consequently, Defendants respectfully submit that the Court should grant Defendants' motion for leave to amend its invalidity contentions.

## I. Background

This is a Hatch-Waxman patent action stemming from the submission to the U.S. Food and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") for Chemo to market a generic buprenorphine film product. Plaintiffs BioDelivery Sciences International, Inc. and Arius Two, Inc. (collectively, "Plaintiffs") assert that the product described by Chemo's ANDA, and the use thereof, infringes the Patents-in-Suit.

The parties recently completed claim construction of the Patents-in-Suit, and the Court's adoption of certain claim constructions gives rise to this motion. On August 16, 2019, the parties exchanged proposed claim terms that required construction. *See id.* at ¶15. Among them, Defendants identified the "layer" terms and proposed the "*solid* layer" constructions briefed for the Court. *See, e.g.,* D.I. 84 at §§ III.A, III.B, IV.A, IV.B, V.A (emphasis added). Then, on August 26, 2019, Defendants served their Invalidity Contentions according to the case schedule. *See* D.I. 39 at ¶5. The next day, on August 27, Defendants learned that Plaintiffs opposed Defendants' proposed construction for the "layer" terms, but Plaintiffs refused to explain their understanding of the physical nature of the "layer" terms. *See* Exs. B and B.B, email from D. Chung to C. Wysocki dated August 27, 2019. It was only on September 13, 2019, when Plaintiffs served their opening claim construction brief, that Plaintiffs explained their belief that the "layer" terms are

not limited to solid layers. *See*, *e.g.*, D.I. 84 at §§ III.A, III.B, IV.A, IV.B, V.A.

The Court held a *Markman* hearing on December 20, 2019, during which the Court adopted Plaintiffs' proposed construction for the "layer" terms. *See* D.I. 39 at ¶ 17; s*ee also* December 20, 2019 Hearing Transcript ("*Markman* Hearing Tr.") at 40:5-7. However, the Court noted that adoption of Plaintiffs' constructions "set[s] [Plaintiffs] up for some invalidity issues." *Markman* Hearing Tr. at 40:1-2. As the Court also stated on the record, because of the claim construction ruling, Defendants have additional invalidity grounds for the Patents-in-Suit. *Id*.

Shortly thereafter, Defendants requested Plaintiffs' consent for Defendants to amend their invalidity contentions. *See* Ex. C, email from A. Gaza to J. Tigan and J. Lyons dated December 26. Plaintiffs' counsel confirmed receipt of the request, but has otherwise not responded. *See* Ex. C., email from J. Tigan to A. Gaza dated December 26. Defendants also contacted Plaintiffs on December 30 and December 31 to seek Plaintiffs' consent for this request, but Plaintiffs again did not provide their position or provide their availability to meet and confer. *See* Ex. C, emails from A. Gaza to J. Tigan and J. Lyons dated December 30, 2019 and December 31, 2019. As of the filing of this motion, Plaintiffs have not responded to these multiple requests for consent or otherwise provided their availability to meet and confer, forcing Defendants to approach this Court unilaterally in order to timely and diligently seek leave to serve amended contentions.

## II.  Argument

Invalidity contentions may be amended upon a timely showing of good cause, and the Scheduling Order expressly contemplates such amendments. *See* D.I. 39 at ¶7; *see also O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-6 (Fed. Cir. 2006); *Bayer Cropscience AG v. Dow AgroSciences LLC*, No. 10-1045 (RMB/JS), 2012 WL 12904381, at *1 (D. Del. Feb. 27, 2017) (applying New Jersey case law to interpret the definition of "good cause" because there is a "dearth of Delaware cases interpreting what 'good cause' means" in the context of amending contentions.).[1] To show good cause, a party seeking to amend its contentions ordinarily must show (i) that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery," and (ii) that the nonmoving party will not be unduly prejudiced. *O2 Micro Intern.*, 467 F.3d at 1361-63. As explained below, the Court's adoption of Plaintiffs' construction of the "layer" terms constitutes good cause, Defendants were diligent in seeking to amend their contentions, and the amendment will not prejudice Plaintiffs.

---

[1] In addition, Rule 26 imposes an affirmative obligation on Defendants to serve amended contentions. Fed. R. Civ. P. 26(e)(1) (a party must "supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete . . . ."). That is precisely the situation here, where Defendants' initial contentions are now incomplete because of the Court's construction of the "layer" terms. This is also consistent with the *Default Standard for Discovery* in Delaware, which at least one judge in this District has interpreted as "'initial disclosures' under Federal Rule of Civil Procedure 26(a)." *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017).

### A. The Court's adoption of Plaintiffs' proposed construction of the "layer" terms constitutes good cause.

Good cause exists for Defendants to amend their invalidity contentions because the Court adopted Plaintiffs' construction of the "layer" term, which was different from the construction that Defendants' proposed. *See Bayer*, 2012 WL 12904381, at *2 (permitting amendment where the amendment "flow[s] from" the nonmovant's claim construction.). Indeed, as Magistrate Judge Schneider noted in *Bayer*, "[a]n alleged infringer should not be required to anticipate how a patent holder will construe every claim." *Id*. at *3.

Other courts in the Third Circuit have repeatedly held that adoption of a claim construction that is different from the construction proposed by the party seeking amendment constitutes good cause to amend contentions. *See* New Jersey L. Pat. R. 3.7 (requiring "timely application and showing of good cause" to amend contentions and identifying "a claim construction by the Court different from that proposed by the party seeking amendment" as an example of good cause); *see also* N.D. Cal. L. Pat. R. 3-6 (finding good cause includes a "claim construction by the Court different from that proposed by the party seeking amendment."); *TFH Publ'ns., Inc. v. Doskocil Mfg. Co., Inc.*, 705 F. Supp. 2d 361, 366 (D.N.J. 2010) (*quoting Comcast Cable Communs. Corp. v. Finisar Corp.*, 2007 WL 716131, at *2 (N.D. Cal. March 2, 2007)) ("Rule 3.7 is not a straitjacket into which litigants are locked from the moment their contentions are served"); *Int'l Dev. LLC v.*

*Richmond*, No. 09-2495 (GEB), 2011 WL 149859, at \*3 (D.N.J. Jan. 18, 2011) ("Defendants were diligent because they did not know they would need to amend until after the Court issued the *Markman* order.").

The Scheduling Order in this case provides non-exhaustive examples of "good cause," which includes the circumstance presented here. And for good reason: Defendants' amended invalidity contentions, a blackline version of which is included as Ex. D, identifies additional invalidity grounds for lack of written description, indefiniteness, and enablement that, as the Court recognized at the *Markman* hearing, are newly available under Plaintiffs' construction of the "layer" terms that the Court adopted. *See Markman* Hearing Tr. at 40:5-7. Specifically, now that the Court has construed the "layer" terms as not limited to solid layers, the Patents-in-Suit do not describe any embodiments of the claimed devices having non-solid layers, nor do they convey that the inventors were in possession of such subject matter at the time of the invention. The Patents-in-Suit (alone or in combination with the prior art) also do not enable making or using the claimed devices having non-solid layers. Finally, during the *Markman* hearing, Plaintiffs took the position that the claimed "layers" are not "liquid," "gas," and are not limited to "solid layers." *See, e.g., Markman* Hearing Tr. at 22:25-23:2; 25:17-26:9; 27:7-10; 31:7-11; 38:10-14.

These proposed amendments to the contentions flow from the Court's claim

construction. *See Bayer*, 2012 WL 12904381, at *2. Indeed, the Court recognized some of these same infirmities in the Patents-in-Suit at the *Markman* hearing, stating that Defendants "definitely have a better chance with enablement or indefiniteness" under Plaintiffs' construction. *Markman* Hearing Tr. at 36:2-4. The grounds disclosed in Defendants' amended contentions, in addition to the previously identified invalidity grounds, are likely case-dispositive positions that ought to be considered when evaluating the validity of the Patents-in-Suit. "[I]t would be unjust for information so highly material to the merits to be avoided on the basis of such mere technicalities." *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI , 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007) (internal quotations omitted). Accordingly, as the Court's adoption of Plaintiffs' construction raises additional invalidity arguments not previously available, good cause exists to amend Defendants' invalidity contentions.

### B.     Defendants Acted Diligently in Seeking Amendment

After this Court's construction of the "layer" claim terms, Defendants promptly revised their contentions to incorporate the newly available invalidity grounds. Defendants first requested Plaintiffs' consent to the amended contentions on December 26, 2019, immediately after the Christmas holidays following the Court's December 20, 2019 *Markman* hearing, and within six calendar days after the *Markman* hearing. As noted above, Defendants contacted Plaintiffs three times

to seek Plaintiffs' consent to serve amended contentions, but received no substantive response. *See* Ex. C. All of these efforts were within days of the *Markman* hearing and before the parties even submitted a proposed order memorializing the Court's constructions. Even now, this motion comes only 17 days since the *Markman* hearing and after Defendants' multiple requests to Plaintiffs for consent or to meet and confer went unanswered.

Defendants' prompt actions show Defendants' diligence and favorably compare to much longer time periods that were nevertheless permitted by courts for amending invalidity contentions. *See, e.g., Bayer*, 2012 WL 12904381 (finding eight days diligent); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *6 (N.D. Cal. May 13, 2016) (finding 15 months diligent); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014) (permitting amendment when there were eight months between discovery of the prior art and the motion to amend); *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014) (finding three months diligent); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW (MEJ), 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding a "few months" diligent); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *3-4 (N.D. Cal. Feb. 18, 2011) (finding four months diligent).

For at least these reasons, Defendants acted diligently in seeking this amendment.

### C. The Amendment Does Not Prejudice Plaintiffs

Plaintiffs here will suffer no undue prejudice, which alone provides sufficient basis for granting leave to amend. *See Eon Corp. IP Holdings, LLC v. Flo TV Inc.*, No. 10-812(RGA), 2013 WL 12155364, at *2 (D. Del. Sept. 5, 2013) (denying defendants' motion to strike portions of plaintiffs' expert report even though the expert's opinion was not included in plaintiffs' contentions because the expert's opinion was based on defendants' claim construction positions); *see also Int'l Dev.*, 2011 WL 149859, at *3; *AstraZeneca AB v. Hanmi USA, Inc.*, No. 11-760 (JAP), 2011 WL 5526009, at *4 (D.N.J. Nov. 14, 2011); *OpenDNS, Inc. v. Select Notifications Media*, LLC, No. C11-05101 EJD (HRL), 2013 WL 2422623, at *2 (N.D. Cal. Jun. 3, 2013) ("[E]ven if the movant was arguably not diligent, the court may still grant leave to amend."); *Twilio, Inc. v. Telesign Corp.*, No.16-cv-06925-LHK (SVK), 2017 WL 3581186, at *4 (N.D. Cal. Aug. 18, 2017) (granting leave to amend contentions because of no prejudice, despite a lack of diligence by the movant).

Plaintiffs will not be unduly prejudiced by Defendants' amended invalidity contentions. Fact discovery is ongoing and is currently closes on February 3, 2020. *See* D.I. 39 at ¶9(a). However, many factual disputes are outstanding. *See* D.I. 116. While the parties have started to schedule depositions, no depositions have

occurred to date. Defendants' amended contentions are well within the parameters permitted and expressly contemplated by the current schedule for this litigation and would not require changes to the discovery deadlines or the trial schedule. *See* D.I. 39 at ¶7. Importantly, Defendants already served all discovery related to the issues identified in Defendants' amended contentions, including interrogatories and requests for production, so there will be no additional burden on Plaintiffs beyond what already exists as of the filing of this motion. Under these circumstances, there can be no prejudice. *See Karl Storz*, 2016 WL 2855260, at *7 ("Courts have found no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule.").

Moreover, it is *Defendants'* burden to prove that the asserted claims are invalid. *See* 35 U.S.C. § 282(a). Thus, any burden from adding new invalidity grounds largely falls to Defendants, not Plaintiffs. Indeed, the Court adopted *Plaintiffs'* construction—it would be illogical for Plaintiffs assert that the Court's adoption of the constructions for which they advocated prejudices them.

### III. Conclusion

Defendants respectfully request that the Court enter an order, substantially similar to the proposed Order attached hereto, granting their motion for leave to serve amended invalidity contentions.

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Dennies Varughese, Pharm. D.<br>Adam C. LaRock<br>Josephine J. Kim<br>Sasha S. Rao<br>Lauren A. Watt<br>Charles T. Wysocki<br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br>1100 New York Avenue NW, Suite 600<br>Washington, DC 20005<br>(202) 371-2600<br>dvarughese@sternekessler.com<br>alarock@sternekessler.com<br>joskim@sternekessler.com<br>srao@sternekessler.com<br>lwatt@sternekessler.com<br>cwysocki@sternekessler.com | /s/ Samantha G. Wilson<br>Anne Shea Gaza (#4093)<br>Samantha G. Wilson (#5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Defendants/Counterclaim Plaintiffs* |

*Attorneys for Defendants Chemo Research, S.L. and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
David Tseng
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
tseng.david@dorsey.com

*Attorneys for Defendants IntelGenx Corp. and IntelGenx Technologies Corp.*

Dated: January 6, 2020

- 11 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the Court's type and number limitations because it has been prepared in Times New Roman 14-point typeface using Microsoft Word 2016, and contains 2368 words as determined by the Word Count feature of Microsoft Word 2016, exclusive of the caption and signature blocks.

        YOUNG, CONAWAY STARGATT & TAYLOR, LLP

        */s/ Samantha G. Wilson*
        Anne Shea Gaza (No. 4093)
        Samantha G. Wilson (No. 5816)
        Rodney Square
        1000 North King Street
        Wilmington, DE 19801
        (302) 571-6600
        agaza@ycst.com
        swilson@ycst.com

        *Attorneys for Defendants/Counterclaim Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Samantha G. Wilson, hereby certify that on January 6, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Jeremy A. Tigan, Esquire
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>*jblumenfeld@mnat.com*
>*jtigan@mnat.com*
>
>*Attorneys for Plaintiffs/Counterclaim Defendants*

I further certify that on January 6, 2020**,** I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

>Charles E. Lipsey, Esquire
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190
>*charles.lipsey@finnegan.com*
>
>Howard W. Levine, Esquire
>Thomas J. Sullivan, Esquire
>Michael R. Galgano, Esquire
>Daniel G. Chung, Esquire
>Justin J. Hasford, Esquire
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001
>*howard.levine@finnegan.com*
>*thomas.sullivan@finnegan.com*
>*michael.galgano@finnegan.com*
>*daniel.chung@finnegan.com*
>*justin.hasford@finnegan.com*

25819506.1

        Jennifer S. Swan, Esquire
        Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
        Stanford Research Park
        3300 Hillview Avenue
        Palo Alto, CA 94304
        *jennifer.swan@finnegan.com*

        *Attorneys for Plaintiffs/Counterclaim Defendants*

Dated: January 6, 2020        YOUNG CONAWAY STARGATT &
         TAYLOR, LLP

        */s/ Samantha G. Wilson*
        Anne Shea Gaza (No. 4093)
        Samantha G. Wilson (No. 5816)
        Rodney Square
        1000 N. King Street
        Wilmington, Delaware 19801
        *agaza@ycst.com*
        *swilson@ycst.com*

        *Attorneys for Defendants/Counterclaim Plaintiffs*