IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br> Defendants. | C.A. No. 19-444-CFC-CJB |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

- i -

OF COUNSEL:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine J. Kim
Sasha S. Rao
Lauren A. Watt
Charles T. Wysocki
STERNE, KESSLER, GOLDSTEIN &
 FOX PLLC
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
srao@sternekessler.com
lwatt@sternekessler.com
cwysocki@sternekessler.com

*Attorneys for Defendants Chemo Research, S.L., and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
David Tseng
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
tseng.david@dorsey.com

*Attorneys for Defendants IntelGenx Corp., and IntelGenx Technologies Corp.*

Dated: January 22, 2020

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................. 1

I.      Defendants were diligent regardless of the date the Court applies. ..................................... 1

II.     BDSI will not be prejudiced by Defendants' amendment. ................................................. 3

CONCLUSION ............................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Word to Info Inc. v. Facebook Inc.*,
   No. 15-cv-03485-WHO, 2016 WL 6276956 (N.D. Cal. Oct. 27, 2016) ...............................1, 2

**Statutes**

35 U.S.C. §112............................................................................................................................3

Defendants have established good cause to amend their invalidity contentions based on the Court's adoption of BDSI's claim construction positions and arguments at the *Markman* hearing. Indeed, Judge Connolly expressly urged Defendants to rely on the hearing transcript in support of their invalidity case. BDSI's opposition essentially distills to arguing that leave is not warranted because Defendants somehow should have predicted the positions and arguments that BDSI ultimately advanced during the claim construction process and hearing. *See* D.I. 121 at Ex. A. It would have been impossible for Defendants to predict the various arguments that BDSI would eventually put forward in the proceeding months during *Markman* briefing and oral argument, all of which form the basis for their motion. The arguments in BDSI's briefing, along with Judge Connolly's remarks during the *Markman* hearing, are all new facts since Defendants served their initial invalidity contentions that warrant leave to amend. And there is no undue prejudice to BDSI if leave is granted. As soon as these new facts were sufficiently crystallized at the hearing, Defendants promptly requested BDSI's consent to amend the invalidity contentions or to meet and confer, which BDSI ignored. Defendants have established good cause.

## ARGUMENT

### I. Defendants were diligent regardless of the date the Court applies.

BDSI argues that Defendants' diligence should be measured from the August 27, 2019 date when BDSI first disclosed its proposed claim construction, but that was before any briefing or meet and confers to narrow disputes. *See* D.I. 134 at 4. Yet, actual disclosure of the facts that support the invalidity positions that are the subject of Defendants' motion for leave did not occur until the December 20, 2019 *Markman* hearing. Even assuming, *arguendo*, that disclosure of BDSI's position occurred earlier, "there is a split of authority on the interpretation" of whether to measure diligence from the date of disclosure or date of adoption. *Word to Info Inc. v. Facebook Inc.*, No. 15-cv-03485-WHO, 2016 WL 6276956, at *4 (N.D. Cal. Oct. 27, 2016). "[D]iligence

determinations are necessarily fact intensive inquiries and must be determined based on the individual facts of each case." *Id* (measuring diligence from date of disclosure because Defendants' affirmative construction was adopted). In contrast here, Judge Connolly clearly expressed disapproval of BDSI's arguments and "adopted" BDSI's construction, noting that BDSI must accept the consequences flowing from its positions. Particularly for that reason, diligence should be measured from the claim construction ruling at the *Markman* hearing.

Judge Connolly rejected BDSI's attempts to walk back its flawed arguments and disagreed that "layer" terms could not mean liquids or gases solely by virtue of being a "layer." *See* D.I. 121, Ex. A at 38:18-20 ("Well, first of all, right, I've mixed salad dressing. We've got liquid layers. I know enough about that."). Throughout briefing, BDSI, although disagreeing that the terms were limited to "solids," was careful never to fully disclose the extent of its position. It was not until the hearing, and Judge Connolly's questions to BDSI's counsel, that the full scope and consequences of BDSI's arguments became apparent. For this reason, the first reasonable date Defendants could have amended their invalidity contentions was after the *Markman* hearing.

Moreover, the Court should measure Defendants' diligence from the *Markman* hearing because BDSI's construction was a moving target. BDSI failed to provide any meaningful claim construction for the disputed terms, instead arguing that "[n]o construction [is] necessary." D.I. 121 at Ex. B.B. Without taking an affirmative construction, BDSI was free during briefing to appear to concede that the "mucoadhesive layer" is "in solid form . . . at stages during the administration," but that the "layers" are not limited to solids but are "not liquid" and "not gas" either. *Compare* D.I. 84 at 10 with D.I. 121, Ex. A at 38:10-11. BDSI's illogical position only became clear during the *Markman* hearing.

Finally, Defendants were diligent whether measured from the August 27, 2019 date BDSI proposed that "[n]o construction [is] necessary" or the September 13, 2019 date of BDSI's opening *Markman* brief, as BDSI argues in its brief. No depositions have taken place, expert reports on the issue of validity have not been served, and only three months passed since BDSI's opening *Markman* brief, which courts have determined to be diligent. *See* D.I. 121 at 8 (collecting cases).

## II.   BDSI will not be prejudiced by Defendants' amendment.

Defendants' amendment will not prejudice BDSI. It is unclear what discovery BDSI needs to take to defend against Defendants' amendment. Defendants seek to add §112 positions based on BDSI's own arguments, which do not require discovery from Defendants. If BDSI does need discovery from Defendants, BDSI can ask questions at depositions, which remain unscheduled. BDSI also argues that it could have addressed Defendants' arguments at the *Markman* hearing had it known of this amendment. BDSI appears to regret its decision to avoid putting forth a clear claim construction position before the hearing (*i.e.*, BDSI's "hidden agenda," as Judge Connolly suggested), Defendants should not be penalized for BDSI's strategic choices. *See* D.I. 121, Ex. A at 37:20-38:3. Finally, BDSI argues that it would have addressed this amendment in its discovery responses had it known of the amendment. BDSI has the opportunity to address this amendment through a supplemental response to Defendants' Interrogatory No. 1, which seeks BDSI response to Defendants' Invalidity Contentions. Moreover, Defendants previously requested BDSI supplement their discovery responses to remedy numerous deficiencies, yet BDSI simply refused. *See, e.g.,* Ex. A (BDSI's December 31, 2019 letter refusing to supplement contentions). BDSI cannot now argue that they are prejudiced.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion.

OF COUNSEL:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine J. Kim
Sasha S. Rao
Lauren A. Watt
Charles T. Wysocki
STERNE, KESSLER, GOLDSTEIN &
  FOX PLLC
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
srao@sternekessler.com
lwatt@sternekessler.com
cwysocki@sternekessler.com

*Attorneys for Defendants Chemo Research, S.L. and Insud Pharma S.L.U*

Paul T. Meiklejohn
Geoffrey M. Godfrey
David Tseng
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
tseng.david@dorsey.com

*Attorneys for Defendants IntelGenx Corp., and IntelGenx Technologies Corp.*

Dated:  January 22, 2020

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

 */s/ Samantha G. Wilson*
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

# **CERTIFICATE OF SERVICE**

I, Samantha G. Wilson, hereby certify that on January 22, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Jeremy A. Tigan, Esquire
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>*jblumenfeld@mnat.com*
>*jtigan@mnat.com*
>
>*Attorneys for Plaintiffs/Counterclaim Defendants*

I further certify that on January 22, 2020**,** I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

>Charles E. Lipsey, Esquire
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190
>*charles.lipsey@finnegan.com*
>
>Howard W. Levine, Esquire
>Thomas J. Sullivan, Esquire
>Michael R. Galgano, Esquire
>Daniel G. Chung, Esquire
>Justin J. Hasford, Esquire
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001
>*howard.levine@finnegan.com*
>*thomas.sullivan@finnegan.com*
>*michael.galgano@finnegan.com*
>*daniel.chung@finnegan.com*
>*justin.hasford@finnegan.com*

25819506.1

2

                    Jennifer S. Swan, Esquire
                    Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
                    Stanford Research Park
                    3300 Hillview Avenue
                    Palo Alto, CA 94304
                    *jennifer.swan@finnegan.com*

                    *Attorneys for Plaintiffs/Counterclaim Defendants*

Dated:  January 22, 2020                    YOUNG CONAWAY STARGATT &
                                                          TAYLOR, LLP

                                                          */s/ Samantha G. Wilson*
                                                          Anne Shea Gaza (No. 4093)
                                                          Samantha G. Wilson (No. 5816)
                                                          Rodney Square
                                                          1000 N. King Street
                                                          Wilmington, Delaware 19801
                                                          *agaza@ycst.com*
                                                          *swilson@ycst.com*

                                                          *Attorneys for Defendants/Counterclaim Plaintiffs*

25819506.1