IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civ. No. 19-444-CFC-CJB |
| CHEMO RESEARCH S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., | ) ) ). ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are objections to the Magistrate Judge's denial of Defendant Chemo Research, S.L.'s motion for leave to amend invalidity contentions. D.I. 203. The Magistrate Judge denied the motion in a Memorandum Order dated February 20, 2020. D.I. 183.

"Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), non-dispositive pre-trial rulings made by magistrate judges on referred matters should only be set aside if clearly erroneous or contrary to law." *Masimo Corp. v. Philips Electronics North America Corporation*, 2010 Wl 2836379, at *1 (D. Del. July 15, 2010). "A finding is clearly erroneous if the determination "(1) is completely devoid of minimum evidentiary support displaying some hue of

credibility, or (2) bears no rational relationship to the supportive evidentiary data . . ." *Id.* (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992)).

Applying this standard to the Magistrate Judge's ruling, the Court finds no error in his decision. The governing Scheduling Order requires a showing of good cause by a party that seeks to amend its invalidity contentions. D.I. 39 ¶ 7. The Magistrate Judge found that Chemo failed to establish good cause because it was not diligent in waiting until January 6, 2020 to file its motion seeking leave to amend its contentions. D.I. 183 at 5. The Magistrate Judge concluded that Chemo was on notice of the need to move to amend as early as September 13, 2019, the date it received Plaintiffs' opening claim construction brief, in which Plaintiffs articulated theories from which it could have been inferred that Plaintiffs would take the position that a "layer" could encompass non-solid forms such as liquids. *Id.* at 3–5. The Court does not find that the Magistrate Judge abused his discretion in making this conclusion.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Objections (D.I. 203) are OVERRULED.

6·4·20
Date

United States District Judge