IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. AND ARIUS TWO, INC.,<br>*Plaintiffs*,<br><br>v.<br><br>CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., AND INTELGENX TECHNOLOGIES CORP.,<br><br>*Defendants*. | REDACTED - PUBLIC VERSION<br>(Filed July 14, 2021)<br><br>C.A. No. 19-444-CFC-CJB<br><br>███████████████<br>███████████████<br>████<br><br>██████████ |

**DEFENDANTS' RESPONSE TO BDSI'S OBJECTIONS TO MAGISTRATE JUDGE BURKE'S JUNE 11, 2021 MEMORANDUM ORDER DENYING BDSI'S RENEWED MOTION TO STAY [D.I. 372]**

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Dennies Varughese, Pharm. D.<br>Adam C. LaRock<br>Josephine J. Kim<br>Tyler C. Liu<br>STERNE, KESSLER, GOLDSTEIN &<br> FOX PLLC<br>1100 New York Avenue NW, Suite 600<br>Washington, DC 20005<br>(202) 371-2600<br>dvarughese@sternekessler.com<br>alarock@sternekessler.com<br>joskim@sternekessler.com<br>tliu@sternekessler.com | Anne Shea Gaza (#4093)<br>Samantha G. Wilson (#5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Defendants* |

*Attorneys for Chemo Research, S.L., and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com

*Attorneys for IntelGenx Corp., and IntelGenx Technologies Corp.*


Dated: July 9, 2021

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND .................................................................................................2

III.  ARGUMENT........................................................................................................5

    A.    A Stay Is Not Warranted ...........................................................................5

        1.    A Stay Will Not Simplify the Issues for Trial ..............................6

        2.    The Stage of Discovery Weighs Against a Stay ..........................7

        3.    The Balance of Harms Favors Denying a Stay ...........................8

    B.    There Is No Basis to Toll the 30-Month Stay ........................................10

IV.  CONCLUSION..................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apotex, Inc. v. Daiichi Sankyo, Inc.*,
   781 F.3d 1356 (Fed. Cir. 2015) ...............................................................................6

*In re Brimonidine Patent Litig.*,
   2008 WL 4809037 (D. Del. Nov. 3, 2008) ......................................................9, 10

*Cephalon, Inc. v. Sandoz Inc.*,
   2011 WL 1750446 ...................................................................................................5

*Forest Labs., LLC v. Sigmapharm Labs., LLC*,
   2019 WL 3574249 (D. Del. Aug. 6, 2019) .............................................................7

*Gold v. Johns-Manville Sales Corp.*,
   723 F.2d 1068 (3rd Cir. 1983) ..............................................................................10

*Haines v. Liggett Grp. Inc.*,
   975 F.2d 81 (3d Cir. 1992) .....................................................................................5

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
   2010 WL 2836379 (D. Del. July 15, 2010) ...........................................................5

*Novartis Corp. v. Dr. Reddy's Labs., Ltd.*,
   2004 WL 2368007 (S.D.N.Y. Oct. 21, 2004) ........................................................7

**Statutes**

21 U.S.C. § 355(j)(5)(B)(iii) ......................................................................................10

## I. INTRODUCTION

BDSI's Objection to Magistrate Judge Burke's denial of its renewed stay motion seeks an unwarranted "do-over" of its latest failed attempt to delay adjudication of Chemo's non-infringement issues.[1] BDSI renewed its motion to stay on the basis that Chemo sought a modest 45-day extension (*i.e.*, March 31 to May 15, 2021) from FDA to file Chemo's response to FDA's Complete Response Letter ("CRL"). In denying the renewed motion, Magistrate Judge Burke considered three rounds of briefs, a joint supplemental submission addressing how the filing of Chemo's CRL response impacted BDSI's renewed motion, and nearly an hour of oral argument.

BDSI's Objection identifies no errors in Magistrate Judge Burke's analysis, falling far short of its burden to show the Order was clearly erroneous or contrary to law. Instead, BDSI simply reiterates the same worn out arguments that Magistrate Judge Burke considered and rejected, now a second time.

BDSI's primary argument for a stay—that the issues for trial would be simplified after receiving FDA's views on the pH specification included in Chemo's CRL response—is based on pure speculation. *First*, BDSI has pointed to nothing to suggest that FDA would provide any "views" on the pH specification prior to

---

[1] As used herein, "Chemo" refers collectively to Chemo Research, S.L., Insud Pharma S.L.U., IntelGenx Corp., and IntelGenx Technologies Corp.

approval. And Magistrate Judge Burke correctly determined that it was uncertain whether FDA would reject Chemo's pH specification, as BDSI speculates, and concluded a stay would not simplify the issues for trial.

*Second*, BDSI argued that the timing and volume of Chemo's production of documents underlying the CRL response weighed in favor of a stay. But Magistrate Judge Burke considered this argument and found that an adjustment of the schedule, not a stay, alleviated any alleged prejudice to BDSI.

*Third*, BDSI contended that Chemo would not be prejudiced by a stay. To the contrary, a stay would substantially disadvantage Chemo commercially, and undermine its investment and efforts to date. Moreover, BDSI failed to demonstrate that it would suffer any clear case of hardship.

Magistrate Judge Burke made the requisite findings under the controlling, discretionary factors. Accordingly, Chemo respectfully submits that the Court should affirm Magistrate Judge Burke's denial of BDSI's renewed motion to stay.

## II. BACKGROUND

This case has been substantially narrowed and now only concerns alleged infringement. Chemo has formulated its proposed ANDA product in a way that does not infringe BDSI's asserted patents: the asserted claims each require a device with certain layers that have a pH between about 4 and about 6 or 7.5. But the layers in Chemo's ANDA product have a pH no greater than ▬. D.I. 353 at ¶ 4. Chemo's

CRL response memorialized that pH in a specification such that Chemo's ANDA product will only have layers with pHs between ▇▇▇. D.I. 368 at 3. And, Chemo has committed to not changing the pH specification in its pending ANDA above ▇. *Id.* These facts defeat BDSI's infringement theories, which rely on Chemo's ANDA *not* having a pH specification. In view of these facts and the recognition that it no longer has any viable infringement theory[2] against Chemo's ANDA product, BDSI's litigation strategy is apparently to delay adjudication of its infringement case.

Specifically, BDSI has long hoped to capitalize on the fact that Chemo received a CRL deficiency letter from FDA on October 17, 2019. BDSI first requested a stay in January 17, 2020 (D.I. 132), which Magistrate Judge Burke denied (D.I. 182) and the Court affirmed. In the following months, the parties agreed, with the Court's approval, to move trial on non-infringement issues to November 2021 (D.I. 305) and later to forego an invalidity trial altogether. D.I. 338. Notably, BDSI agreed to the November 2021 trial on non-infringement issues knowing that there would be no FDA feedback on Chemo's pH specification before trial. *Id.*

---

[2] BDSI's only infringement theory for the pH claim limitation is to rely on the fact that Chemo's ANDA did not contain a pH specification. That theory is no longer viable since Chemo included an express pH specification in its CRL response. Tellingly, BDSI never sought leave to supplement its contentions and it has no basis, much less the requisite good cause, to amend its contentions now.

Since 2019, Chemo was diligently preparing its response to the CRL. Although many of the documents being prepared for the CRL response were not relevant to the infringement inquiry—for infringement purposes, the most important portion of Chemo's CRL response is the pH specification—BDSI requested, and Chemo agreed to and did produce, internal documents underlying the CRL response. D.I. 298. Rather than disrupt operations to conduct numerous piecemeal document collections and productions, Chemo produced the pH testing documents and product samples on a rolling and expedited basis during the summer of 2020, and agreed to produce the remaining documents underlying the CRL response once it was completed and the full universe of documents were identifiable. *See* D.I. 272 at 2-3; D.I. 298.

Despite Chemo's diligent efforts to respond to FDA's CRL by March 2021, it faced unprecedented and unique circumstances when the COVID-19 pandemic began. The pandemic slowed the technical work and created resource constraints that ultimately necessitated a 45-day extension to respond to FDA (*i.e.*, from March 31 to May 15, 2021). *See* D.I. 353 at ¶¶ 7-13 (explaining that the pandemic caused reduced laboratory time, delays at contract labs that were used for testing and analysis, and delays in procuring necessary materials). Chemo subsequently filed its CRL response on May 14, 2021. D.I. 362.

BDSI overreacted to this modest extension and renewed its motion to stay, claiming that the parties could not possibly go to trial without the CRL response and related discovery. With the CRL response filed and responsive documents produced, Magistrate Judge Burke denied BDSI's motion, finding that an extension of the schedule—not a stay—addressed BDSI's concerns. D.I. 372 at ¶¶ 1, 5.

## III. ARGUMENT

"[N]on-dispositive pre-trial rulings made by magistrate judges on referred matters should only be set aside if clearly erroneous or contrary to law." *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C. A. No. 09–80–JJF–MPT, 2010 WL 2836379, at *1 (D. Del. July 15, 2010). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data . . . .'" *Id.* (internal citations omitted). "Motions to stay invoke the broad discretionary powers of the court." *See Cephalon, Inc. v. Sandoz Inc.*, C.A. No. 10-123-SLR, 2011 WL 1750446, at *2 (D. Del. May 5, 2011). Magistrate Judge Burke's well-supported denial of BDSI's renewed motion was not clearly erroneous or contrary to law.

### A. A Stay Is Not Warranted

Magistrate Judge Burke carefully "considered the three stay-related factors"—that is, (i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in

5

question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set—and "[h]aving taken those factors into consideration," denied BDSI's motion. D.I. 372 at ¶ 1.

### 1. A Stay Will Not Simplify the Issues for Trial

Contrary to BDSI's unsupported claim, Magistrate Judge Burke determined that a stay in this case would not simplify the issues for trial. *Id.* at ¶¶ 1-3.

BDSI argued that a stay was warranted because proceeding without FDA's response to Chemo's CRL response would waste judicial resources *if* FDA rejected Chemo's ANDA product or required changes to Chemo's ANDA product. However, Magistrate Judge Burke considered BDSI's basis for believing that FDA would reject Chemo's pH specification and correctly recognized that it was based on conjecture, finding that "whether the FDA *will* [reject Chemo's pH specification] is uncertain*.*" *Id.* at ¶ 3. Magistrate Judge Burke determined that there would *not* be a simplification of issues for trial, finding that (1) "much of the uncertainty that bolstered Plaintiffs' request for a stay has since subsided" after Chemo filed its CRL response (*Id.* at ¶ 2), (2) there was only "*a bit more* uncertainty [in this case] than in the average [Hatch-Waxman] case" (*Id.* at ¶ 3), and (3) FDA did not reject Chemo's pH specification but rather "simply asked Defendants to 'add a pH specification.'" *Id.*

Magistrate Judge Burke's findings are entirely consistent with binding Federal Circuit precedent holding that tentative FDA approval is not a prerequisite to

6

litigating a Hatch-Waxman case. *See Apotex, Inc. v. Daiichi Sankyo, Inc.*, 781 F.3d 1356, 1365-66 (Fed. Cir. 2015) ("The statute evidently contemplates litigation well before such tentative approval."). BDSI's request that trial be stayed until there is some "FDA feedback" on the pH specification circumvents this authority. Moreover, His Honor's findings are entirely consistent with how other courts have decided motions to stay in view of CRL deficiency letters from FDA. *See Shire Dev. LLC v. Mylan Pharm., Inc.*, C.A. No. 12-1190, 2015 WL 10793982, at 3 (M.D. Fla. Aug. 11, 2015) (finding that a stay, to the extent it is even warranted, should last only until a CRL response is filed with FDA). Indeed, BDSI's Objection cites to *Forest Laboratories, LLC v. Sigmapharm Laboratories, LLC*, C.A. No. 14-1119-MSG, 2019 WL 3574249 (D. Del. Aug. 6, 2019), which Magistrate Judge Burke found to be "really inapposite." D.I. 372 at ¶ 4.[3] Magistrate Judge Burke thus correctly decided that a stay would not simplify the issues for trial.

## 2. The Stage of Discovery Weighs Against a Stay

Magistrate Judge Burke's determination that the stage of discovery weighed against a stay was well grounded. BDSI complains that Magistrate Judge Burke

---

[3] BDSI cites for the first time in its Objection to *Novartis Corp. v. Dr. Reddy's Laboratories, Ltd.*, C.A. No. 04-0757, 2004 WL 2368007 (S.D.N.Y. Oct. 21, 2004). Notwithstanding this new legal argument, *Novartis* does not support a stay. There, **the generic** moved to stay the infringement action arguing that FDA's ongoing review of data in the ANDA could moot the litigation and thereby simplify issues for trial. *Novartis*, 2004 WL 2368007, at *1. Here, Chemo strongly contests the notion that a stay would simplify the case.

7

failed to consider the volume of documents underlying the CRL response that Chemo produced to BDSI and the timing of those productions. But Magistrate Judge Burke considered this issue during briefing (D.I. 368 at 1) and oral argument (June 8, 2021 Hearing Tr. at 9:19-10:9, 20:15-22, 21:14-22:3, 23:1-24, 31:10-32:10, 33:18-34:4, 35:20-22) and correctly determined that it was not a basis for a stay but was "a good argument that the case schedule needs to be altered." D.I. 372 at ¶ 5. This was because Chemo had produced the critical pH documents and product samples long ago and only agreed to produce the remaining documents underlying the CRL response "once [the CRL response was] complete." *See* D.I. 272 at *3; *see also id.* at 2; D.I. 273 at 1. Once Chemo finalized and filed its CRL response on May 14, it promptly completed its document productions on May 18. *See* D.I. 362; D.I. 368 at 2.

Moreover, BDSI's own failure to move discovery forward undermined its arguments. BDSI refused to take any of the noticed depositions even after all document productions were complete. *See* D.I. 368 at 3. Magistrate Judge Burke thus correctly decided that the state of discovery weighed against a stay.

### 3. The Balance of Harms Favors Denying a Stay

Magistrate Judge Burke's finding that the balance of hardships weighed against a stay was well supported. Contrary to BDSI's suggestion, Magistrate Judge Burke specifically addressed this factor at the oral argument. *See, e.g.*, June 8, 2021

8

Hearing Tr. at 16:11-17:9 and 29:7-13. In his Order, Magistrate Judge Burke made clear that an adjustment to the schedule was sufficient to address any alleged prejudice to BDSI by the timing and volume of Chemo's productions of documents underlying the CRL response. D.I. 372 at ¶ 5.

Magistrate Judge Burke's finding that the balance of hardships favored an adjustment to the schedule, rather than a stay, was entirely proper. *Id.* Chemo has invested significant resources at the expense of other projects and navigated a global pandemic to submit the CRL response on a timeline that allows for trial in November 2021. D.I. 368 at 3. To stay the case now would commercially disadvantage Chemo and undermine Chemo's efforts to date. *Id.* Additionally, a stay would prejudice Chemo by postponing its effort to clear Teva's 180-day exclusivity (*see* D.I. 352 at 5-6), which blocks Chemo's market entry. Courts have similarly determined that prejudice from delayed market entry is "not insignificant" and supports denying a stay motion. *In re Brimonidine Patent Litig.*, C.A. No. 07-MD-1866 GMS, 2008 WL 4809037, at *2 (D. Del. Nov. 3, 2008). BDSI argues that a stay is justified because FDA cannot comment on the CRL response until January 16, 2022 and Chemo agreed to stay off the market until May 2022. This argument misses the point: any delay in the case schedule will further delay resolution of this action, exacerbate Chemo's prejudice, and unnecessarily shorten the time period the Court has to

9

consider the issues before rendering its post-trial opinion without risking preliminary injunction motion practice.

To support its request for a stay, BDSI needed to "demonstrate a clear case of hardship or inequity," but failed to do so. *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983). The only hardship BDSI musters is that litigating this case risks wasting resources. BDSI must have believed the opposite in December 2020 when it agreed to the current schedule knowing that it would not receive FDA's views on Chemo's CRL before the November 2021 trial.

### B. There Is No Basis to Toll the 30-Month Stay

BDSI argues for this Court to conduct a *de novo* review and toll the 30-month stay of FDA approval. BDSI should not be permitted to have it both ways: if it believes that Chemo's ANDA product is not approvable, then there is no need to extend the 30-month stay. Moreover, a court can shorten or lengthen the 30-month-stay period *only* when either party "fail[s] to reasonably cooperate in expediting the action." *See* 21 U.S.C. § 355(j)(5)(B)(iii). Generating supplemental data for FDA is not a basis to toll the 30-month stay. *Brimonidine*, 2008 WL 4809037, at *3. Nor has Chemo acted unreasonably in discovery. Chemo provided sworn declarations confirming its pH specification in 2020 and 2021 (D.I. 186 at ¶ 3; D.I. 353 at ¶ 4) and produced product samples and internal pH testing documents (D.I. 272 at 2-3) before the CRL response, and promptly completed its productions of documents and

10

offered depositions after the CRL filing (D.I. 362; D.I. 368 at 3).

## IV. CONCLUSION

Magistrate Judge Burke's Memorandum Order denying BDSI's renewed motion to stay should be affirmed.

11

OF COUNSEL:
Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine Kim
Tyler C. Liu
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
tliu@sternekessler.com

*Attorneys for Chemo Research, S.L. and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
DORSEY & WHITNEY LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
(206) 903-8800
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com

*Attorneys for IntelGenx Corp., and IntelGenx Technologies Corp.*

Dated: July 9, 2021

YOUNG CONWAY STARGATT
 & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the Court's type and number limitations because it has been prepared in Times New Roman 14-point typeface using Microsoft Word 2016, and contains 2,477 words as determined by the Word Count feature of Microsoft Word 2016, exclusive of the caption, tables, signature blocks, and certifications.

YOUNG CONWAY STARGATT
 & TAYLOR, LLP

 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I, Samantha G. Wilson, hereby certify that on July 14, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Jeremy A. Tigan, Esquire
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>*jblumenfeld@mnat.com*
>*jtigan@mnat.com*
>
>*Attorneys for BioDelivery Sciences International Inc. and Arius Two, Inc.*

I further certify that on July 14, 2021, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

>Charles E. Lipsey, Esquire
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>1875 Explorer Street, Suite 800
>Reston, VA 20190-6023
>*charles.lipsey@finnegan.com*
>
>Michael R. Galgano, Esquire
>Daniel G. Chung, Esquire
>Justin J. Hasford, Esquire
>Daniele San Roman, Esquire
>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001

*michael.galgano@finnegan.com*
*daniel.chung@finnegan.com*
*justin.hasford@finnegan.com*
*daniele.sanroman@finnegan.com*

Jeffrey D. Smyth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304
*jeffrey.smyth@finnegan.com*

Howard W. Levine, Esquire
Dechert LLP
1900 K Street NW
Washington, DC 20006
(202) 261-3000
*howard.levine@dechert.com*

Jennifer S. Swan, Esquire
Dechert LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
(650) 813-4800
*jennifer.swan@dechert.com*

*AllBDSIChemo@dechert.com*

*Attorneys for BioDelivery Sciences International Inc. and Arius Two, Inc.*

2

| | |
|---|---|
| Dated: July 14, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Samantha G. Wilson<br>Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>*agaza@ycst.com*<br>*swilson@ycst.com*<br><br>*Attorneys for Chemo Research S.L., Insud Pharma S.L.U., IntelGenx Corp., and IntelGenx Technologies Corp.* |

3