IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) C.A. No. 19-444 (CFC) (CJB) |
| CHEMO RESEARCH, S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., | ) ) **REDACTED - PUBLIC VERSION** ) ) |
| Defendants. | ) ) |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE**
**FROM JEREMY A. TIGAN REGARDING DISCOVERY DISPUTES**

OF COUNSEL:

Jennifer S. Swan
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306-2112
(650) 813-4800

Howard W. Levine
Pejmon Pashai
DECHERT LLP
1900 K Street, NW
Washington D.C. 20006-1110
(202) 261-3300

Blake B. Greene
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Shyam Shanker
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500

Brian M. Goldberg
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000

*Attorneys for Plaintiffs*

**Original Filing Date: January 11, 2022**
**Redacted Filing Date: January 25, 2022**

Dear Judge Burke:

BDSI respectfully requests the Court's assistance in ordering Chemo to: (1) produce stability data collected on its ANDA Product; and (2) serve a supplemental privilege log regarding all documents withheld as privileged that were identified during the collection of documents relating to Chemo's amended ANDA.

### The Court Should Order Chemo to Produce Additional Stability Data Under Rule 26(e)

BDSI requests that the Court order Chemo to produce supplemental stability data regarding its ANDA Product, which measures the level of impurities in Chemo's product. Chemo has produced its 3-month stability data (Ex. 1 at CHEMO_BEL-0058615), 6-month stability data (Ex. 2 (IGX-BUP-0186548)) and 9-month stability data (*Id.*). But Chemo now refuses to produce its 12-month stability data or any other additional stability data collected after the close of fact discovery. Chemo asserts three reasons why it need not produce this data—each of them wrong. ***First***, Chemo argues the data is not relevant. But Chemo, as noted above, has already produced stability data. Indeed, Chemo specifically "agreed" to produce "[d]ocuments concerning the testing of any property, including pH, ***stability***, toxicology, and ***impurity***, of all submission batches." (D.I. 298 at 2 (emphasis added); Ex. 3 at 6-7, 37-38.) This data is relevant to BDSI's doctrine of equivalents case, and Chemo has submitted expert reports which argue that its ANDA product cannot infringe, either literally or under the doctrine of equivalents, because lower pH environments can alter impurity levels. (Ex. 4 ¶¶ 139, 140, 180; Ex. 5 ¶¶ 48-49.) Further, this Court has examined the likelihood of whether or not FDA will approve Chemo's current product. (D.I. 372 ¶3.)

***Second***, Chemo claims it does not need to produce this data because fact discovery is over. Chemo is again wrong. A party who has "responded to" a "request for production . . . must supplement or correct its disclosure or response" in a "timely manner if the party learns that . . . the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "The duty to supplement [under Rule 26(e)] continues even after the discovery period has closed." *Ferring Pharm. Inc. v. Serenity Pharm., LLC*, 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019); *McKinney v. Connecticut*, 2011 WL 166199, at *2 (D. Conn. Jan. 19, 2011). The Court also has the inherent authority to order a party to supplement its disclosure. Fed. R. Civ. P. 26(e)(1)(B).

Under the rules and precedent set forth above, this data should be produced.

***Third***, Chemo argues that data need not be produced because it has not been requested by FDA, and because the data is not in final form. Chemo's position is incorrect. There is no exception that permits Chemo to withhold responsive documents merely because FDA has not requested them. *See Brunston v. Bayer Healthcare Pharm., Inc.*, 2014 WL 12587032, at *5 (C.D. Cal. May 16, 2014) ("To the extent such documents exist, they are relevant to plaintiffs' claims regardless of whether the information was reported to the FDA"). And BDSI's requests are not limited to finalized data. *See Medline Industries, Inc. v. C.R. Bard., Inc.*, 2021 WL 809734, at *4

1

(N.D. Ill. Mar. 3, 2021) ("the Court is unaware of any discovery rule or principle that allows Bard to delay producing relevant documentation . . . until it deems the documents 'finalized.'"). Chemo should be required to produce this relevant data, irrespective of whether Chemo's decides to conceal the data from the FDA.

### The Court Should Order Chemo to Serve a Supplemental Privilege Log

BDSI requests the Court order Chemo to serve a supplemental privilege log that covers post-complaint documents relating to Chemo's *amended* ANDA. Chemo's privilege log is dated February 7, 2020, which is more than a year before it produced some 100,000 pages of documents in May of 2021. Chemo argues that the Default Standard for Discovery in this District does not normally require parties to log information generated after the complaint. (*See* Default Standard for Discovery, § 1(d)(ii).) But this is not a typical ANDA case. In most ANDA cases, the ANDA is prepared and filed with the FDA before the complaint is filed. Here, however, Chemo needed to reformulate its product due to the FDA's complete rejection of its initial ANDA product and specifications. Chemo changed the formulation of its backing layer, changed its manufacturing process, changed its regulatory specifications, and created ▇ new submission batches. (Ex. 12 (CHEMO-BEL-58084-96).) Thus, while document production in this case was slated to end on November 22, 2019, Chemo produced some 100,000 pages of new documents in May of 2021—43% of the documents in the entire case—the majority of which are from 2020 and 2019, including their final regulatory specification for pH submitted to the FDA and certain internal documents showing the development of their pH specification. (D.I. 374 at 1, n. 1; Ex. 6 at 125:8-130:5; 138:8-14; 144:10-145:17.) If during the collection of these 100,000 pages of documents, Chemo collected relevant documents that it is now withholding as privileged, it is required to log them so that BDSI can assess the veracity of Chemo's privilege claims. *See* Fed. R. Civ. P. 26(b)(5). Chemo's position would effectively permit an ANDA filer to alter its specifications post-complaint, withhold related communications as privileged, and provide no means for a plaintiff to evaluate those privilege assertions. That is not the law.

Further, BDSI has good reason to ask for a supplemental privilege log. From the beginning of this case, Chemo has asserted privilege over its internal pH testing and the development of its ANDA. (*See* Ex. 8 at 69:20-72:9, 83:2-86:21.) BDSI has consistently disputed those assertions. (*Id.* at 77:18-79:5.) And this Court has also questioned Chemo's withholding of documents as privileged. (*Id.* at 82:5-83:1.) If Chemo is now withholding internal communications regarding the development of its pH specification on the basis of privilege, these documents need to be logged. Indeed, just before the close of fact discovery, Chemo attempted to claw back a witness's lab notebook regarding pH testing the day before his scheduled deposition, despite having cited the document in interrogatory responses two years earlier. (*See* Ex. 9; Ex. 10.) After BDSI pointed out that there was no basis for any privilege assertion, Chemo withdrew its improper clawback. (Ex. 11 at 1-2.)

Chemo also argues that BDSI did not produce a supplemental privilege log when it produced documents after the service of BDSI's initial privilege log. But the documents Chemo refers to relate to Bunavail®, a completely different product not at issue in this case, which the Court ordered produced in April 2020, and which BDSI produced in May 2020. (D.I. 247.) These documents were from a different litigation that occurred in 2016. Chemo never complained about this production, now close to two years ago, and discovery concerning the validity issues in this case are long over—with a final decision reached by the Court on December 20, 2021. In contrast, the newly produced documents Chemo produced in May 2021 have to do with the product that is the very subject of this litigation and trial in April.

        Respectfully,

        */s/ Jeremy A. Tigan*

        Jeremy A. Tigan (#5239)

JAT:lo  
Attachments  
cc:    Clerk of the Court (via hand delivery)  
        All Counsel of Record (via CM/ECF and email)