IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP.,<br><br>Defendants. | REDACTED - PUBLIC VERSION<br>(Filed January 26, 2022)<br><br>C.A. No. 19-444-CFC-CJB<br><br> |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM ANNE SHEA GAZA REGARDING DISCOVERY DISPUTES**

Dated: January 18, 2022

Of Counsel:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine Kim
Tyler C. Liu
Ryan E. Conkin
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C
1100 New York Avenue NW
Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
tliu@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Chemo Research S.L.
and Insud Pharma S.L.U.*

Paul T. Meiklejohn

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants*

Geoffrey M. Godfrey
Janelle Luceria Elysee
Dorsey & Whitney LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
elysee.janelle@dorsey.com

*Attorneys for IntelGenx Corp.*
*and IntelGenx Technologies Corp.*

Dear Judge Burke:

With its two prior motions to stay denied, BDSI now has resorted to two untimely and immaterial discovery disputes months after the close of fact discovery and three months before trial to delay, and potentially derail, adjudication of Chemo's non-infringing product. The Court should deny BDSI's requests.

**I.      BDSI's stability data request.** BDSI grounds its request for stability data in Fed. R. Civ. P. 26(e), which is triggered only if a discovery disclosure or response is incomplete or incorrect in "some *material* respect." *See* Fed. R. Civ. P. 26(e) (emphasis added). Unsurprisingly, BDSI glosses over this critical aspect of Rule 26(e) as it knows the requested stability data is preliminary, is not in final form, and has not been requested by or submitted to FDA (*see* Ex. A at 2), and therefore Chemo's production is not materially inaccurate or incomplete. Chemo has nevertheless already agreed to produce to BDSI the stability data once it is finalized. *Id.* This is sufficient reason to deny the request.

BDSI does not address the materiality aspect of Rule 26(e) and instead asserts that the requested stability data is relevant because Chemo previously agreed to produce stability data, citing to D.I. 298. BDSI's suggestion that Chemo has waived any objection to BDSI's current request misreads D.I. 298. There, Chemo objected to producing stability data documents (*see* D.I. 261 at 2-3 n.3) but agreed to produce them in order to avoid further motions practice on that issue. Additionally, Chemo's agreement to produce documents was expressly made subject to its objections and responses (D.I. 298 at 2), which make clear that Chemo's responses and document productions are without waiver of objections to materiality. *See* D.I. 440, Ex. 3 at 5-6. Here, the requested stability data is not in final form and has not been submitted to FDA, so Chemo's production is not materially inaccurate or incomplete.

Next, BDSI asserts without support that the requested stability data is "relevant to [its] doctrine of equivalents case." But the asserted claims do not contain any stability data limitation, and none of BDSI's experts rely on stability data for their doctrine of equivalents opinions. The timing of BDSI's request also belies its post-hoc attempted justification as BDSI first raised this issue three weeks after serving its opening expert reports. *See* Ex. B at 1-2. Next, BDSI suggests the requested data is relevant to Chemo's expert reports. Again, the timing is revealing—BDSI first raised this issue more than *two weeks before* receiving Chemo's rebuttal expert reports. Tellingly, BDSI does not even allege that Chemo's experts rely on stability data to support their opinions, and to the extent any such data was contained in the documents relied on, it was final data submitted to FDA, not preliminary data as BDSI requests here. Last, BDSI claims that the requested data is relevant to FDA approvability, but even so, approval will be determined by FDA on the data before it. The requested stability data is not in final form and has not been requested by or submitted to FDA, and thus is not relevant to approval.

Finally, BDSI's cited authority is inapposite. *Brunston v. Bayer Healthcare Pharm., Inc.* is not a Rule 26(e) case. There the court ordered production of the documents regarding adverse events and safety data involving Bayer's drug product that had not been submitted to FDA because, unlike this case, they were directly relevant to the key product liability issue in that case and plaintiffs' contention that Bayer had withheld safety information from FDA. 2014 WL 12587032, at *5 (C.D. Cal. May 16, 2014). *Medline Industries, Inc. v. C.R. Bard., Inc.* is similarly off the mark. There, Bard withheld disclosure of a non-infringing alternative for months until two weeks before the plaintiff's opening damages expert reports when the redesign

was ready for production. 2021 WL 809734, at *4-5 (N.D. Ill. Mar. 3, 2021). Importantly, Bard did *not* dispute that it had a duty to supplement per Rule 26(e) given the importance of the discovery. Here, Chemo disagrees that Rule 26(e) supplementation is appropriate at all—which is supported by BDSI's inability to specifically articulate materiality—so *Medline* is inapplicable. In contrast, courts have not compelled the type of tangential discovery requested by BDSI. For example, the Court in *In re Celexa* denied plaintiff's request to compel documents related to clinical trials and FDA's efficacy determination because FDA is the "exclusive judge of safety and efficacy" and noted the minimal relevance of the requested documents. 2017 WL 9324342 (D. Mass. May 10, 2017) (referencing other cases that reasoned that they would not question FDA's determination).

**II.     BDSI's supplemental privilege log request.** BDSI's belated request for a supplemental privilege log is nothing more than a distraction and red herring as the parties complete expert discovery and prepare for trial. BDSI's request is untimely and waived. Pursuant to the Default Standard, the parties met and conferred to discuss the scope of privilege logs at the end of 2019 and agreed to follow the Default Standard, which explicitly addresses this issue: "[w]ith respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs." *Id.* at ¶1(d)(ii). The parties then exchanged privilege logs February 7, 2020 pursuant to the Default Standard and the parties' agreement, which BDSI has never disputed. Ex. A at 1, 4-6. Since that time, the privilege log issue has been undisturbed for nearly two years, and there is no compelling reason to do so now.

BDSI rests its request on the fact that Chemo received a Complete Response Letter ("CRL") from FDA, inserted a pH specification into its ANDA, and manufactured additional submission batches. But, BDSI knew in January 2020—one month before exchanging privilege logs—that Chemo had received a CRL, intended to insert a pH specification into the ANDA, and was manufacturing new submission batches. *See* Ex. C at 1-2. Yet, even after learning this information, BDSI did not seek to change the scope of the parties' privilege log agreement before the February 7 exchange. And BDSI remained silent on the privilege log issue through the close of fact discovery *20 months later*, including after it received Chemo's document productions relating to the CRL response in April and May 2021. If there was a legitimate need for a supplemental privilege log, presumably BDSI would have exercised diligence to raise the issue prior to three months before trial. BDSI also suggests that Chemo's prior assertions of privilege were somehow improper, but BDSI's suggestion is wrong and belies the record.

Additionally, BDSI's request is unduly burdensome at this stage of the case. Chemo collected and reviewed thousands of documents to form Chemo's April-May 2021 document productions of post-complaint information. BDSI even complained about the onerous task of reviewing the 100,000-plus pages contained in these productions, saying that four months was the bare minimum amount of time to review the documents and take depositions. *See* D.I. 374 at 1-2; D.I. 407 at 2. Consistent with the Default Standard and the parties' agreement from late 2019, there was no need for Chemo to identify post-complaint documents withheld as privileged during that review and there is no reason for Chemo to do so now, on the eve of the close of expert discovery and while preparing for pretrial and trial in the three months that remain.

Finally, BDSI's request is not proportional to the needs of the case. BDSI does not argue that a supplemental privilege log would materially impact any aspect of the case at this late stage, but merely seeks a log so it can "assess the veracity of Chemo's privilege claims." BDSI's request thus appears to be a fishing expedition and should be denied.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc:   Counsel of Record (by CM/ECF and email)

29017045.1

3

# Exhibit C

| | |
|---|---|
| **From:** | Josephine Kim |
| **Sent:** | Wednesday, December 29, 2021 9:14 PM |
| **To:** | Shanker, Shyam; Chemo Buprenorphine Film; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com |
| **Cc:** | Levine, Howard; Swan, Jennifer; Porter, Jacob; Ball, Madeleine; Denney, Christopher; Horner, Andrew; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo |
| **Subject:** | RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log |

Counsel,

We want to follow-up on the parties' December 23 meet and confer. We disagree with the characterizations in your emails on these privilege log and stability data issues.

As to BDSI's privilege log request, we have already confirmed that Chemo is not withholding as privileged any additional documents dated before the date of the complaint in this case, consistent with the parties' agreement and the Delaware Default Standard. BDSI however insists on manufacturing a dispute where none exists because it now demands a privilege log for any documents generated after the date of the complaint, in direct contradiction to the Delaware Default Standard. On the meet and confer, you stated that although the parties operated under the Default Standard since this case started, it was BDSI's new position that the specific language of ¶1(d)(ii) was not applicable. However, even though it was BDSI's new position that the language of ¶1(d)(ii) was not applicable, you refused to confirm whether BDSI was withholding documents dated after the date of the complaint, and refused to provide a supplemental privilege log of any such documents if they were being withheld. BDSI's attempt to hold Chemo to a different, and higher, standard than it holds itself is improper and unjustified.

Moreover, your reliance on Fed. R. Civ. P. 26(b)(5)(A) is inapposite. The Delaware Default Standards, which you agree the parties are following, is consistent with the Federal Rules. BDSI has provided no basis for why the parties should now deviate from the Delaware Default Standards, which have governed the case to date. BDSI also complains that Chemo produced thousands pages of internal documents after service of the privilege log in February 2020, but BDSI itself produced over a hundred thousand pages of internal documents after its February 2020 privilege log but does not intend to serve a supplemental privilege log.

Additionally, BDSI's request is untimely and waived. As already mentioned, the privilege log issue has been settled for two years. BDSI knew about Chemo's forthcoming CRL Response since October 2019, *before the service of the privilege logs*. Yet, even upon learning this, BDSI did not seek to change the scope of the parties' privilege logs. When Chemo's February 2020 privilege log was served, BDSI was again silent as to any deficiencies, nor did BDSI seek to discuss the issue of privilege log cut-off dates. For the remaining *20 months of fact discovery*, BDSI did not raise any issues with Chemo's privilege log or raise any issue with privilege log cut-off dates. BDSI's request is also overly broad, unduly burdensome, and seeks information not relevant to the claims and defenses. On the meet and confer, BDSI was unable to articulate any limits on the scope of documents it seeks to have Chemo log, other than that they be dated after the complaint filed in March 2019. It therefore appears that BDSI seeks to have Chemo re-review all of the documents collected in this case generated after March 2019 and to log all withheld documents without limitation, including logging communications between Chemo and IntelGenx and their outside counsel concerning this litigation. BDSI has no legitimate basis for demanding that Chemo undertake this burdensome endeavor. And, when asked on the meet and confer to articulate why BDSI seeks a supplemental privilege log, BDSI answered that it sought a supplemental privilege log in order to "test" and "challenge" the entries. It is evident from the meet-and-confer that BDSI has a predetermined objective of seeking a privilege log simply to challenge the entries and harass Chemo.

As for the stability data request, we informed you on the meet and confer that it is our understanding that the stability data is not in final form and has not been sent to FDA, nor has FDA requested it. Chemo confirmed on the meet and confer that Chemo will produce stability data once it is finalized and submitted to FDA. As of now, BDSI's request is overbroad, premature, and seeks information that is not relevant to any claim or defense. BDSI has failed to articulate anything that is materially inaccurate or incomplete that would trigger a duty to supplement under Fed. R. Civ. P. 26(e). Indeed, when Chemo inquired as to the relevance of the stability data on the meet-and-confer, BDSI could not articulate any reason why this supplemental discovery was needed. BDSI said on the meet and confer that it sought the information because its experts might want to look at it; but BDSI could not articulate why the data is relevant to issues in the case. BDSI also said on the meet and confer that Chemo has admitted to the relevance of this information, but Chemo has done no such thing.

Best,
Josephine

**Josephine Kim**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** joskim@sternekessler.com
**Direct:** 202.772.8896   **Main:** 202.371.2600

---

**From:** Josephine Kim
**Sent:** Tuesday, December 21, 2021 5:53 PM
**To:** 'Shanker, Shyam' <Shyam.Shanker@dechert.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

Counsel,

We are not available tomorrow but are available Thursday, December 23 at 2-3PM ET for a meet-and-confer. We'll respond to the rest of your email shortly.

Regards,
Josephine

---

**From:** Shanker, Shyam <Shyam.Shanker@dechert.com>
**Sent:** Monday, December 20, 2021 8:24 PM
**To:** Josephine Kim <JOSKIM@sternekessler.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

We disagree with your email, and once again request times for a meet and confer. Please provide days and times this week that you are available to meet and confer. This is now the fourth time that BDSI has requested times to meet and confer, and Chemo has still not provided a day or time that it is available to discuss these issues. As Chemo notes, trial is only four months away which necessitates a prompt ruling by the Court on these issues. If Chemo refuses to provide days or times it is available to meet and confer by tomorrow, BDSI will have to seek relief from the Court and inform the Court that Chemo did not provide times it was available for a meet and confer despite repeated requests.

Beginning with the issue of updated stability data, you have provided no authority that Rule 26(e) allows a party to withhold internal documents that provide updated information rendering the prior produced documents incomplete, and quite the contrary, there is ample authority establishing that Rule 26(e)'s duty extends to the production of internal documents created after the close of fact discovery. *See Ferring Pharm. Inc. v. Serenity Pharm., LLC*, 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019) ("The duty to supplement continues even after the discovery period has closed."); *see also Pizza Public Co., Ltd. v. Tricon Global Restaurants, Inc.*, 2000 WL 1457010, at *1 (S.D.N.Y. 2000).

On the issue of a supplemental privilege log, we do not understand what was "unclear" about our December 1 correspondence. BDSI's letter noted that Defendants have produced thousands of additional documents after its original privilege log, which was dated February 7, 2020, after the date of the complaint. BDSI then requested that Chemo confirm it has not withheld any additional responsive documents on the basis of privilege *since* Chemo served its February 7, 2020 privilege log. While Chemo has confirmed that it is not withholding any additional documents as privileged before the date of the complaint, Chemo has not confirmed that it is not withholding any additional responsive documents after the date of the complaint as privileged. Federal Rule of Civil Procedure 26(b)(5)(A) requires that, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privilege," the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that enables other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). Here, Chemo intentionally decided to withhold tens of thousands of pages of documents until May 2021. If Chemo is withholding documents that it collected in connection with these belated document productions, it was its obligation to make a log and produce it to BDSI.

We reiterate our request that Chemo provide days and times it is available to meet and confer on these two issues.

Best,
Shyam

---

From: Josephine Kim <JOSKIM@sternekessler.com>
Sent: Monday, December 20, 2021 5:38 PM
To: Shanker, Shyam <Shyam.Shanker@dechert.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
Cc: Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
Subject: RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

[EXTERNAL EMAIL]

Counsel,

We are considering your response received after close of business last Friday, but as an initial matter, we disagree that BDSI previously provided the basis for its requests in its December 1 letter.

Regarding BDSI's privilege log request, BDSI's December 1 letter was unclear. In particular, given that the parties have been operating under the Delaware Default Standard, including its limitations on privilege logs, your December 1 letter was unclear whether you were seeking Chemo to confirm whether it was withholding documents dated before the Complaint on the basis of privilege or whether you were seeking Chemo to confirm whether it was withholding documents dated before *and after* the Complaint on the basis of privilege. Chemo can confirm that we are not withholding any additional documents dated before the date of the Complaint in this case on the basis of any privilege or immunity that are not already logged on Chemo's February 2020 log. Only now is it clear that BDSI seeks Chemo to log documents dated after the Complaint. It is still unclear, however, why BDSI believes supplemental privilege logs containing entries after the date of the Complaint are warranted simply because Chemo subsequently produced documents. BDSI has not set out any legal basis for logging privileged documents dated after the Complaint. Indeed, your email acknowledges that the parties have been operating under the Delaware Default Standard, which explicitly addresses this issue, saying: "[w]ith respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs." Del. Default Standards at ¶ 1(d). That said, if BDSI is aware of any authority that supports its position, we will consider it.

Please also explain why BDSI is raising the issue of supplemental privilege logs now. You acknowledge that the privilege log issue has been settled since February 2020. At no time before BDSI's December 1 letter did you raise any issue with Chemo's February 2020 privilege log or raise BDSI's belief that supplemental logs were warranted. Your email asserts that "Chemo submitted its amended ANDA in May 2021 and produced an additional 100,000 pages of documents" as somehow supporting BDSI's request. But, BDSI has known for *two years* that Chemo would be submitting a CRL response, and BDSI has possessed the CRL response and the productions of internal documents associated with that CRL response for *seven months* before raising this issue. The parties now are well into expert discovery and trial is four months away.

We also disagree with your characterization that "Chemo's Amended ANDA makes it clear that Chemo reformulated its ANDA Product such that its 2020 Registration Batches are no longer the same as its 2017 Registration batches" as being contrary to Chemo's CRL response and deposition testimony.

As for BDSI's request for updated stability data, BDSI's December 17 email is the first time it clarified that its request was rooted in Rule 26(e). Rule 26(e) requires there to be a Rule 26 disclosure or discovery response that is "incomplete or inaccurate" in "some material respect." *See* Fed. R. Civ. P. 26(e). While we consider your request, please let us know the disclosure or discovery response that BDSI believes to be inaccurate or incomplete. Also, if BDSI is aware of any authority that supports its view that Rule 26(e)'s duty to supplement extends to the production of internal documents after the close of fact discovery, we will consider it.

Best,
Josephine

**Josephine Kim**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** joskim@sternekessler.com
**Direct:** 202.772.8896   **Main:** 202.371.2600

---

**From:** Shanker, Shyam <Shyam.Shanker@dechert.com>
**Sent:** Friday, December 17, 2021 6:18 PM
**To:** Josephine Kim <JOSKIM@sternekessler.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob

<Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

If you are unable to meet and confer today, please provide times you are available to meet and confer on Monday. While we understand that Defendants' expert reports are due today, we raised these issues over two weeks ago and Defendants' response for the most part asks BDSI to provide the position that we already provided in our December 1 correspondence.

With respect to the supplemental privilege log, Chemo submitted its amended ANDA in May 2021 and produced an additional 100,000 pages of documents to BDSI. Chemo's Amended ANDA makes it clear that Chemo reformulated its ANDA Product such that its 2020 Registration Batches are no longer the same as its 2017 Registration batches. BDSI's December 1, 2021 correspondence asked Chemo to confirm that it has not withheld any additional privileged material in connection with the collections and productions made to BDSI since Chemo filed its amended ANDA. Chemo has not confirmed that it has not withheld any additional documents as privileged. Thus, BDSI can only assume that there are additional privileged documents which Chemo has withheld but are not listed on any privilege log. Given the circumstances of Chemo's recently amended ANDA, and the large volume of new material created after the date of the complaint, a supplemental privilege log is warranted here.

With respect to the updated stability data, as stated in our letter, [REDACTED] Under Rule 26(e), Chemo is obligated to supplement its productions to include relevant and responsive material created after its prior document productions. That obligation continues even after the close of fact discovery, and applies to the new stability data Chemo is collecting.

Best,
Shyam

**From:** Josephine Kim <JOSKIM@sternekessler.com>
**Sent:** Friday, December 17, 2021 3:29 PM
**To:** Shanker, Shyam <Shyam.Shanker@dechert.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

[EXTERNAL EMAIL]

Counsel,

Defendants' expert reports are due today, so unfortunately we are not available to confer this week.

Regarding the supplemental privilege log issue raised in your letter, the parties met and conferred and exchanged privilege logs on February 7, 2020 logging all privileged documents dated before the filing of the complaint, in accordance with the Delaware Default Standard. The issue of privilege logs has been settled since that time. What is the basis for BDSI's request that Chemo serve a supplemental privilege log?

Regarding BDSI's request for stability data, the fact discovery period has been closed for months. Please identify the basis for BDSI's request for ongoing fact discovery after the fact discovery period has closed.

Regards,
Josephine

---

**Josephine Kim**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** joskim@sternekessler.com
**Direct:** 202.772.8896   **Main:** 202.371.2600

---

**From:** Shanker, Shyam <Shyam.Shanker@dechert.com>
**Sent:** Wednesday, December 15, 2021 9:12 AM
**To:** Josephine Kim <JOSKIM@sternekessler.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

Please provide times you are available to meet and confer this week regarding BDSI's requests for Chemo's updated stability data and a supplemental privilege log.

Best,
Shyam

**From:** Josephine Kim <JOSKIM@sternekessler.com>
**Sent:** Friday, December 10, 2021 8:45 PM
**To:** Shanker, Shyam <Shyam.Shanker@dechert.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

[EXTERNAL EMAIL]

Counsel,

We received your letter. As to your first issue, we understand that all communications with FDA concerning Chemo's ANDA No. 212036 to date have been produced. We are considering the other issues raised in your letter and will respond in due course.

Best,
Josephine

**Josephine Kim**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** joskim@sternekessler.com
**Direct:** 202.772.8896   **Main:** 202.371.2600

**From:** Shanker, Shyam <Shyam.Shanker@dechert.com>
**Sent:** Thursday, December 9, 2021 11:52 AM
**To:** Josephine Kim <JOSKIM@sternekessler.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** RE: BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

We are following up on our prior December 1, 2021 correspondence concerning Defendants' FDA correspondence, stability data, and supplemental privilege log.  We have not received any response to the issues we have raised.  Please provide a response by tomorrow, December 10.

Best,
Shyam

**From:** Shanker, Shyam
**Sent:** Wednesday, December 1, 2021 5:10 PM
**To:** Josephine Kim <JOSKIM@sternekessler.com>; Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; agaza@ycst.com; SWilson@ycst.com; godfrey.geoff@dorsey.com
**Cc:** Levine, Howard <Howard.Levine@dechert.com>; Swan, Jennifer <Jennifer.Swan@dechert.com>; Porter, Jacob <Jacob.Porter@dechert.com>; Ball, Madeleine <Madeleine.Ball@dechert.com>; Denney, Christopher <Christopher.Denney@dechert.com>; Horner, Andrew <andrew.horner@dechert.com>; JTigan@MNAT.com; JBlumenfeld@MNAT.com; All BDSI Chemo <AllBDSIChemo@dechert.com>
**Subject:** BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al Case No. 19-cv-444-CFC - FDA Correspondence, Stability Data, Privilege Log

Counsel,

Please see the attached correspondence regarding Defendants' FDA correspondence, stability data, and privilege log.

Best,

Shyam

**Shyam Shanker**
Associate

**Dechert LLP**
+1 212 641 5634 Direct
shyam.shanker@dechert.com
dechert.com

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# Exhibit D



Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**SHYAM SHANKER**

shyam.shanker@dechert.com
+1 212 641 5634  Direct
+1 212 698 3599  Fax

December 1, 2021

*VIA EMAIL*

Josephine Kim
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Ave, NW Suite 600
Washington, DC 20005
joskim@sternekessler.com

Geoffrey M. Godfrey
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
godfrey.geoff@dorsey.com

Re:  *BioDelivery Sciences International, Inc. et al. v. Chemo Research, S.L. et al.*, Case No. 19-cv-444-CFC (D. Del.)

Dear Counsel:

We write regarding various issues relating to Defendants' productions and privilege log.

*First*, Defendants have already agreed to produce the "relevant, non-privileged, and non-immune submissions, filings, correspondences, and communications with the FDA concerning ANDA No. 212036 or the buprenorphine buccal film product subject to ANDA No. 212036."  Aug. 7, 2019 Chemo Defs. RFP Responses at 10; *see also* Aug. 7, 2019 IntelGenx Defs. RFP Responses at 9.  We last wrote to Defendants on September 29, 2021 to confirm that Defendants have produced all FDA correspondence concerning Chemo's ANDA No. 212036.  Defendants responded on September 30, 2021 stating that they understood that they had produced all such communications "to date."  We ask that Defendants confirm that all such FDA correspondence has been produced, including any updated correspondence with the FDA since Defendants' prior September 30, 2021 response.

*Second*, we also write to request that Defendants produce any updated data concerning any stability testing Defendants have conducted on Chemo's generic buprenorphine buccal film product that is the subject of ANDA No. 212036. ████████████████████████████████████████████████████████



December 1, 2021<br>Page 2

███████████████████████████████████████ To the extent any updated stability results have been obtained which have not been produced, we request that Defendants produce any such stability results and/or data.

*Finally,* Defendants' privilege log was produced to BDSI on February 7, 2020.  Since then, Defendants have produced thousands of additional documents, but BDSI has not received an updated privilege log from Defendants.  Please confirm that, since Defendants served their privilege log on February 7, 2020, Defendants have not withheld any additional responsive documents on the basis of privilege.  If Defendants have withheld any such additional documents, please promptly provide a supplemental privilege log identifying such documents.

We ask that Defendants please respond to the issues we raise with respect to the FDA communications and stability data by December 3, 2021.  With respect to Defendants' privilege log, please provide any supplemental privilege log by December 8, 2021.

Sincerely,

*/s/ Shyam Shanker*

Shyam Shanker

# Exhibit E

| | |
|---|---|
| **From:** | Adam LaRock |
| **Sent:** | Friday, January 3, 2020 12:54 PM |
| **To:** | Levine, Howard; Swan, Jennifer; Chung, Daniel; Sullivan, Thomas; Galgano, Michael; EXT-JTigan@mnat.com; EXT-JBlumenfeld@mnat.com; Lyons, Jeffrey J.; Hasford, Justin |
| **Cc:** | Chemo Buprenorphine Film; tseng.david@dorsey.com; godfrey.geoff@dorsey.com; EXT- meiklejohn.pau; Gaza, Anne Shea; Wilson, Samantha |
| **Subject:** | RE: BDSI v. Chemo/IntelGenx |

Counsel: To be clear, the contents of my email below are Confidential under the Protective Order in this case and should be treated accordingly.

Best,
Adam

**Adam LaRock**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** alarock@sternekessler.com
**Direct:** 202.772.8794

**IP Assistant:** Renee Moore
**Direct:** 202.772.8820   **Main:** 202.371.2600

---

**From:** Adam LaRock <ALAROCK@sternekessler.com>
**Sent:** Friday, January 3, 2020 12:50 PM
**To:** Levine, Howard <howard.levine@finnegan.com>; Swan, Jennifer <Jennifer.Swan@finnegan.com>; Chung, Daniel <Daniel.Chung@finnegan.com>; Sullivan, Thomas <Thomas.Sullivan@finnegan.com>; Galgano, Michael <Michael.Galgano@finnegan.com>; EXT-JTigan@mnat.com <JTigan@mnat.com>; EXT-JBlumenfeld@mnat.com <JBlumenfeld@mnat.com>; Lyons, Jeffrey J. <jlyons@mnat.com>; Hasford, Justin <Justin.Hasford@finnegan.com>
**Cc:** Chemo Buprenorphine Film <ChemoBuprenorphineFilm@sternekessler.com>; tseng.david@dorsey.com; godfrey.geoff@dorsey.com; EXT- meiklejohn.pau <meiklejohn.paul@dorsey.com>; Gaza, Anne Shea <agaza@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** BDSI v. Chemo/IntelGenx

Counsel—
On the parties' November 21, 2019 meet and confer, we informed you that new submission batches of Chemo's generic buprenorphine film product were being manufactured and would likely be available in late January/early February for export to BDSI, subject to regulatory authorization. We also informed you that we were open to adjusting the case schedule as needed to produce unexpired samples of the new submission batches, and you indicated that you were similarly open to adjusting the schedule.

We write to inform you that unexpired samples of Chemo's buprenorphine film product are scheduled to be available this month, and Chemo intends to amend its ANDA in March to add in a regulatory specification concerning the pH of the mucoadhesive layer for its proposed generic buprenorphine film product.

In light of the upcoming discovery dispute conference scheduled for Jan. 27 concerning inter alia outstanding discovery from BDSI, as well as Chemo's new samples and ANDA amendment, we believe that it makes sense to adjust the current case schedule to accommodate these upcoming events. Below, we propose extensions to the close of fact discovery

deadline, expert report deadlines, and the close of expert discovery deadline, none of which will impact the Court's trial dates.

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Close of fact discovery | February 3, 2020 | April 10, 2020 |
| Opening expert reports | February 19, 2020 | April 24, 2020 |
| Rebuttal expert reports | March 18, 2020 | May 22, 2020 |
| Reply expert reports | April 15, 2020 | June 19, 2020 |
| Close of expert discovery | June 5, 2020 | July 31, 2020 |

Relatedly, we write to inform you that Defendants' witnesses are only available for deposition once. To the extent BDSI seeks deposition testimony on the production of new submission batches or the addition of a regulatory specification concerning the pH of the mucoadhesive layer, those depositions should occur after such amendment has been submitted to FDA. Accordingly, any corporate deposition testimony pursuant to at least BDSI's Rule 30(b)(6) topics 1, 4, 5, 7, and portions of topic 11, as well as the depositions of Nadine Paiement and Alex Serreqi, need to occur after such amendment has been submitted.

Please let us know if BDSI is amenable to adjusting the case schedule as proposed above.


Best,
Adam




**Adam LaRock**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1100 New York Avenue, NW, Washington, DC 20005

**Email:** alarock@sternekessler.com
**Direct:** 202.772.8794
**IP Assistant:** Renee Moore
**Main:** 202.371.2600   **Direct:** 202.772.8820

2