IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br> Defendants. | REDACTED - PUBLIC VERSION <br> (Filed March 7, 2022) <br><br> C.A. No. 19-444-CFC-CJB <br><br>  |

**EXHIBIT B TO UNOPPOSED MOTION TO SEAL AND REDACT**

Dated: February 28, 2022

Of Counsel:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine Kim
Tyler C. Liu
Ryan E. Conkin
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C
1100 New York Avenue NW
Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
tliu@sternekessler.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants*

rconkin@sternekessler.com

*Attorneys for Chemo Research S.L.
and Insud Pharma S.L.U.*

Paul T. Meiklejohn
Geoffrey M. Godfrey
Janelle Luceria Elysee
Dorsey & Whitney LLP
701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
elysee.janelle@dorsey.com

*Attorneys for IntelGenx Corp.
and IntelGenx Technologies Corp.*

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., <br><br> Defendants. | Civil Action No. 19-444-CFC-CJB |

## MEMORANDUM ORDER

Before the Court is Plaintiffs BioDelivery Sciences International, Inc. and Arius Two Inc.'s (collectively, "Plaintiffs") motion for leave to supplement their infringement contentions (the "Motion"). (D.I. 406) The Court, having reviewed the parties' related letter briefs, (D.I. 407; D.I. 409; D.I. 410), and having considered the relevant "good cause" standard and factors relating thereto, (D.I. 407 at 1; D.I. 39 at ¶ 7); *see also British Telecomm. PLC v. IAC/InterActiveCorp*, Civil Action No. 18-366-WCB, 2020 WL 3047989, at *2 (D. Del. June 8, 2020), hereby ORDERS as follows:

With regard to the dispute as to Plaintiffs' "about 4" theory, the Motion is GRANTED. Defendants Chemo Research, S.L., Insud Pharma S.L.U., Intelgenx Corp. and Intelgenx Technologies Corp. (collectively, "Defendants") argue that Plaintiffs were not diligent in pressing this theory because the relevant pH range (and the upper bound of that range) on which Plaintiffs' theory is premised was known to Plaintiffs since 2019, and certainly at least since Defendants produced their pH specification to Plaintiffs in May 2021. (D.I. 409 at 3-

4) But as to the time period before May 2021: (a) Ms. Paiement's February 2020 declaration provided only general information on what the range was "expected to be"; (b) Defendants would not unconditionally produce Ms. Paiement for deposition until after an amended ANDA was filed, (D.I. 407, ex. 3 at 2)—a filing that did not occur until May 2021; (c) Defendants' argument that Plaintiffs were clearly on notice of the new pH specification in summer 2020 is just not clear to the Court from the documents referenced, (D.I. 409 at 3; D.I. 410 at 1); and (d) the Court is mindful that from 2019 through 2021, Plaintiffs were generally prejudiced by the consistently vague and slipping timeframes as to when Defendants were expected to actually file their amended ANDA, (D.I. 407 at 1; *see also* D.I. 347 at 7-8). As to the time period between May 2021 and the filing of the Motion, that is a tougher call. Plaintiffs probably could have moved more quickly to supplement in that time period. But in light of some of the facts listed above, plus the fact that Defendants produced over 100,000 new documents to Plaintiffs in May 2021, (D.I. 407 at 2), and the fact that Ms. Paiement's deposition was not offered until May 2021 and did not occur until October 2021, (D.I. 407, ex. 13; D.I. 409, ex. 15); the Court will not find a lack of diligence here.

With regard to the dispute as to Plaintiffs' "citric acid as a buffer" theory, the Motion is GRANTED. The Court does not understand Defendants' assertions that Plaintiffs "never previously included a contention that citric acid was a buffer[,]" since Plaintiffs' 2019 initial infringement contentions seem to have done just that. (D.I. 407, ex. 2 at 9) Plaintiffs underscored this contention during discovery, (D.I. 409, ex. 11 at 2), as well as during claim construction, (D.I. 410, ex. 5 at 37). So nothing about the contention is new. If Defendants are asserting that Plaintiffs did not previously provide enough *details* about this buffering process theory earlier in this litigation, then they have failed to clearly make that case here.

With regard to the dispute as to Plaintiffs' ▮ as a buffer" theory, the Motion is GRANTED. Although it appears undisputed that Plaintiffs knew that ▮ was in the ANDA product at the time of Plaintiffs' initial contentions, the "amount of ▮ was reallocated" as part of Defendants' recent CRL response. (D.I. 409 at 4) And Plaintiffs persuasively explain how Defendants' new descriptions of ▮ use in the ANDA product (material only produced to Plaintiffs in May 2021) provided the impetus for this allegation. (D.I. 410 at 2)

With regard to the dispute as to Plaintiffs' "pH increases over time" theory, the Motion is GRANTED. Although both parties' arguments about this issue were sparse, the Court thinks it can see how Plaintiffs are pointing to content in the amended ANDA (received in May 2021) as spurring this new theory. (D.I. 410 at 2; *id*., ex. 1 at Table 62)

With regard to the dispute as to Plaintiffs' doctrine of equivalents ("DOE") theory, the Motion is GRANTED. While Plaintiffs' initial contentions as to the DOE were not robust, (D.I. 407, ex. 2 at 12-13), they at least contained some detail, which amounted to more than just a "reserv[ation of] right[s,]" (D.I. 409 at 4). Moreover, Defendants never earlier sought an order from the Court deeming those initial contentions to be deficient, or an order seeking earlier supplementation—despite the fact that the parties had discussions about these contentions back in 2019. (D.I. 407, ex. 14 at 3) The additional supplementation here is permissible, in order to take into account the new product Defendants disclosed in May 2021.

Lastly, as to Defendants' allegations of prejudice, (D.I. 409 at 5), they do not change the Court's decision. With regard to Defendants' assertion about the impact of the Motion on their decision to pull out of a prior invalidity trial, (*id.*), the Court will not address an issue that was not part of the meet and confer process, (D.I. 410 at 2). More generally, Defendants have had the supplemental contentions for months, they have responded to them in detail, (D.I. 407, ex. 15

3

at 18-30), and to a great degree, the supplementation was prompted by new material only produced to Plaintiffs in May 2021. So the Court cannot find great prejudice to Defendants here.

For all of these reasons, the Motion is GRANTED in its entirety.

Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document. Any such redacted version shall be submitted by no later than **February 28, 2022** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated: February 23, 2022

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*jblumenfeld@mnat.com*
*jtigan@mnat.com*

Blake B. Greene
Dechert LLP
515 Congress Ave., Suite 1400
Austin, TX 78701
*blake.greene@dechert.com*

Shyam Shanker
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
*shyam.shanker@dechert.com*

Howard W. Levine
Pejmon Pashai
Dechert LLP
1900 K Street NW
Washington, DC 20006
*howard.levine@dechert.com*
*pejmon.pashai@dechert.com*

Jennifer S. Swan
Dechert LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
*jennifer.swan@dechert.com*

Brian M. Goldberg
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*brian.goldberg@dechert.com*

*AllBDSIChemo@dechert.com*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*swilson@ycst.com*

*Attorneys for Chemo Research S.L., Insud Pharma S.L.U., IntelGenx Corp., and IntelGenx Technologies Corp.*