IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) C.A. No. 19-444 (CFC) (CJB) |
| CHEMO RESEARCH, S.L., INSUD PHARMA S.L., INTELGENX CORP., and INTELGENX TECHNOLOGIES CORP., | ) ) **PUBLIC VERSION** ) ) ) |
| Defendants. | ) ) |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM JEREMY A. TIGAN REGARDING BDSI'S REPLY IN SUPPORT OF ITS
<u>RENEWED REQUEST FOR A STAY</u>**

OF COUNSEL:

Jennifer S. Swan
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306-2112
(650) 813-4800

Howard W. Levine
Pejmon Pashai
DECHERT LLP
1900 K Street, NW
Washington D.C. 20006-1110
(202) 261-3300

Blake B. Greene
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Shyam Shanker
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500

Brian M. Goldberg
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000

*Attorneys for Plaintiffs*

**Confidential Version Filed: March 11, 2022**
**Public Version Filed: March 22, 2022**

Dear Judge Burke,

After years of Chemo telling the Court that it is on track for approval, it is now clear that Chemo's ANDA cannot be approved, and that ███████████████████████████████████████████████████. ███████████████████████████████████████████████████ (Ex.1.) Accordingly, given the manifest uncertainties with Chemo's ANDA that will not be approved in the near future, there is no reason to rush to trial concerning an ANDA that will need to change in ways that will likely impact the infringement analysis and will take significant time to resolve.



(Ex.2 at -918.) This is because ███████████ (D.I.465-1, Ex.1, ¶¶10-13.) Based on this data, ███████████████ . (Ex.1.) ███████████. Further, after withholding this data for months from BDSI and the FDA, ███████████████████████████. (Ex. 3.)

Chemo's ANDA needs to be sufficiently fixed so that the parties know what the product is and can proceed to trial without unfair prejudice to BDSI. (*See* D.I. 193 n.2 (noting that in *Forest Labs.*, a stay was issued after the generic received a second CRL on the eve of trial on a "product the FDA has twice not approved"); D.I.465-1, Ex. 4 at Tr. at 13:7-14:7 (noting that a 90% chance that the FDA would require meaningful changes favors a stay).) Chemo's ANDA is simply not there yet. ███████████████████████████████████████████ due to impurities that are most likely generated by a low pH, as Chemo itself has argued.[1] Thus, and contrary to Chemo's assertions, it is entirely possible that ███████████████████████████ ███████████████ which the FDA has likely not yet considered in detail, the FDA will require Chemo to investigate whether its low pH is a contributing factor to the formation of the impurity, which could very well lead to a change in specifications. One way to reduce the prejudice to BDSI by any such change, would be for someone with binding authority at Chemo to provide a declaration, as in *Forest*, that it would not in any way change its pH specification or make any other changes to its current ANDA product. Tellingly, Chemo refuses to make a commitment not to change its pH range or make any other changes that impact the infringement analysis. (D.I.467 at 3.) Just as in *Forest*, ███████████████████████████████████████████ Further, unlike the diligent defendant in *Forest*, Chemo waited years to file its amended ANDA.

---

[1] Chemo cannot avoid its interrogatory responses and expert statement that a low pH environment can result in the ███████████████████ and cause impurities. (D.I.465-2, Ex. 19 at 28; D.I.465-2, Ex.12, ¶¶139-40.) Nor have Chemo's experts opined that a low pH cannot contribute to the formation of ███████. In fact, they have said impurities are caused by a low pH. (D.I.465 at 1). Indeed, to address ███████████████████████, Chemo itself consulted a chemist, who explained that ███████████████████████████. (Ex.4 at -778.)

Chemo now submits new arguments, including a new ten-page declaration from a previously undisclosed "expert" to the Court, with hundreds of pages of exhibits. (D.I. 468.) Further, the declaration is based on Chemo documents first produced to BDSI on March 7, 2022 and on stability data ordered to be produced by the Court. BDSI has not had the opportunity to take discovery concerning these new documents and certainly has not had the opportunity to depose Chemo's belatedly new expert. It is unfair and prejudicial for BDSI to respond to a ten-page declaration in a two-page reply letter in three days. This declaration should be struck.

Nevertheless, if anything, that declaration confirms BDSI's expert's opinions—Chemo's product is not presently viable and will not be approved absent significant changes. (D.I.465-1, Ex.1.) Chemo's declarant speculates as to things that can be done to try to salvage Chemo's ANDA, such as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ These steps will take months, and there is no guarantee that they will solve the impurity problem, or be accepted by the FDA, or not alter the infringement analysis. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Ex.2 at -918.) Chemo also argues that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ But, if that were the case, Chemo would agree never to change its ANDA, a promise it has refused to make. All that is known is that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (*See e.g.* Ex.5, Tr. 299:6-300:1.)

In fact, Chemo has continued to prejudice BDSI by withholding discovery, leaving BDSI in the untenable position of conducting expert discovery, fact discovery, and preparing for the pretrial order all at the same time. For example, it produced documents from ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ on March 7, 2022, after BDSI filed its renewed request for a stay (Ex.6), and on March 9, 2022, it produced communications with the FDA, some dated as early as February 16, 2022 (Ex.7). Chemo has still not produced studies taken to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (Ex.2 at -918-19). Further, while confusingly claiming otherwise, Chemo admits that its expert changed his opinion based on the withheld stability data. (D.I.465 at 3 n.5.) This data was available to Chemo at the time the expert signed his expert report, but Chemo chose not to show it to him. The data was produced after BDSI's expert reports were completed in this case. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, the case should be stayed until such time as the parties know what the FDA will say about Chemo's ANDA. BDSI can then take the necessary fact and expert discovery. And the fact that BDSI took depositions in September of 2021, is not a substitute for taking discovery with regard to the newly produced data and expert opinions. In fact, *today*, as BDSI was filing this paper, Chemo produced fifty plus pages of reports that address the impurity issue and that appear to state ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Ex.8 at -932.) This is exactly the problem that BDSI has faced throughout this case. This case should be stayed.

2

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
Attachments
cc: Clerk of the Court (*via* CM/ECF)
All Counsel of Record (*via* CM/ECF and email)